*John Baker,* for appellants.

---

BALES *v.* THE STATE, on the relation of PENNINGTON,
Administrator of MALLET.

Suit upon the second, or additional bond of an administrator, given on
application of the former surety to be discharged. Answer: that at the
time of the execution of said second bond, said administrator had in his
hands certain moneys belonging to said estate, and that afterward no money
or other assets came to his hands.

*Held,* that the surety on the second bond, was liable for failures of duty on
the part of the administrator, occurring after the execution of such bond,
if not before; as for a failure to account for moneys before that time in his
hands.

*Held,* also, that it was not competent for the surety to prove declarations of
the administrator, made before the execution of the second bond, tend-
ding to show that he had converted the money, then in his hands, to his
own use.

APPEAL from the *Hendricks* Common Pleas. <span>*Wednesday, December 12.*</span>

HANNA, J.—*Bales,* as the surety of one *Weathered,* was
sued on the bond executed by them for the discharge, by
the latter, of his duty as administrator of the estate of one
*Mallet.* It is averred that *Weathered* failed to discharge his
duty in this, that he had, when the bond was executed, $94
in good solvent notes, belonging to said estate, which he con-
verted to his own use, and then left the State, &c.

The defendant answered: 1. A denial. 2. That in *Octo-
ber,* 1855, said *Weathered* was appointed said administra-
tor, and gave bond, with one *Jerry Smith* as surety; and

afterward so administered the estate, that on *February* 18, 1858, he had collected all the moneys belonging to the same, and then had in his hands, not paid out, thereof, the sum of $94; that on the 19th of said month, said *Weathered* was, on motion of his surety, *Smith*, required to give an additional bond, &c., and thereupon the bond upon which this suit is founded was executed; that after the execution thereof no money or other property came to the hands of said *Weathered* to be administered, nor was there then in his hands any uncollected claims due said estate; but that said $94 was then in his hands, and he and his surety, *Smith*, were liable therefor on their bond, &c.

Reply: 1. Denial. 2. That at the time of the execution of said last bond, *Weathered* had in his hands, in choses in action and money due said estate, the sum of $96, that sum being reported by him as in his hands; that defendant executed said bond with a full knowledge, &c., and thereby became liable, and said *Smith* was thereby discharged from liability.

There was a demurrer to this second paragraph of the reply overruled; which ruling presents the first question in the case.

The ruling upon the demurrer was correct. The obligation rested upon the administrator to reduce and properly dispose of the assets. If, as averred in the answer, he had reduced to money, and to his possession, all such assets, still the duty remained to apply the same as the law directed. The fear that he would not so apply the same may have influenced the first security in seeking a discharge. The administrator may have discharged his whole duty up to that time, and yet may have afterward violated that duty in failing to pay out, or distribute, the funds so received. The second surety would be liable for failures of duty after he was appointed, if not before, a question not presented; whether the same resulted from a failure to collect and reduce the assets, or to pay over, or properly account for the same after they should be so collected.

The above observations dispose of the first point presented upon the evidence, which is, as to the sufficiency thereof.

Upon that point the evidence was the report made by the administrator on the day before the execution of the bond, which showed that he had in his hands "ninety-four dollars balance unaccounted for, most of it uncollected."

The next question arises upon the ruling of the Court in excluding evidence, namely: the admissions, or declarations, of the administrator, made a few days before the report was filed by him, to the purport that he had collected all the money due the said estate, and could not pay it over because he had used it.

It is insisted that the evidence should have been received as going to establish a defalcation, a breach of duty, before the execution of the last bond, and for which suit should have been brought upon the first bond. Even if the conclusion is correct, yet to establish facts leading to that conclusion, it appears to us the testimony offered could not be admitted. That evidence, if it was worth any thing, would have had a tendency to defeat the whole action as to both the principal and surety upon that bond. The surety could not, for that reason, have offered his co-defendant as a witness to the point indicated; and, therefore, he could not give his declarations in evidence, as to matters concerning which he would thus be incompetent. *King et al.* v. *The State ex rel.*, at this term.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*C. C. Nave* and *J. Witherow*, for appellant.

*J. M. Gregg*, for appellee.