Owen and Others *v.* The State on the relation of Owen and Others.

EXECUTORS AND ADMINISTRATORS.—Suit by the heirs upon a bond executed by an administrator, with the will annexed, by order of the court. The breach assigned was, that the administrator had appropriated to his own use the sum of $8,000 belonging to said estate, which was in his hands at the time of the execution of the bond.

*Held*, that it will be presumed in favor of the action of the court, that the order requiring the execution of the bond was authorized by law.

*Held*, also, that the sureties on the second bond of an administrator, in any case where such bond is required by an order of the court, are liable for any breach of the conditions of the bond occurring after its execution.

*Held*, also, that the statute authorizes a suit on the relation of the heirs, and that such suit may be brought before the removal of the administrator.

*Held*, also, that an answer by the sureties, alleging that the administrator was for a long time after the execution of the bond solvent, and that the heirs and the court had dismissed proceedings against him by citation to compel him to account, without the consent of the sureties, &c., was bad.

APPEAL from the *Hendricks* Common Pleas.

GREGORY, J.—This is a suit against an administrator and his sureties on his bond. The complaint avers that *Owen* was appointed administrator, with the will annexed, on the 25th of *October*, 1853, by the Court of Common Pleas of *Hendricks* county; that, by order of that court, the bond sued on was executed by the defendant; that the condition of the bond is, "that if the above bound *Jonathan Owen* shall faithfully discharge the duties of his trust, as the administrator of the estate of *Benjamin Owen*, deceased, and pay over to the proper persons all the money belonging to said estate, and discharge all the duties pertaining to his trust according to law, then this obligation shall be void, else to remain in force;" that there was, at the time the bond was executed, in the hands of the administrator the sum of $8,000 belonging to the estate; that, although often required to pay over the money into court for distribution, the administrator had continued in the possession thereof, and had appropriated it to his own use and wholly failed to pay it over into court or to the relators. The defendants demurred to the complaint. The court below overruled the demurrer, and this is assigned for error. It is urged that the complaint is bad for not setting out the order of the court under which the bond was executed. As the breach complained of occurred after the execution of the bond, it is not material to show the reason for the order. It will be presumed that the Common Pleas Court conformed to the

requirements of the law in making the order. The sureties on the second bond of an administrator are, in any case where such bond is required by an order of the court, liable for a breach of its condition occurring after its execution. It is claimed that the sureties are not liable, for the reason that by the condition of the bond they did not bind themselves that *Owen* should faithfully discharge the duties of his trust as the administrator of the estate of *Benjamin Owen,* deceased, with the will annexed. There is nothing in this. The condition of the bond is broad enough to cover his duties as such administrator, whatever they were. It is urged that there is nothing in the complaint showing a right of recovery in the relators. The statute authorizes the suit to be brought by the heirs. 2 G. & H., § 162, p. 529. The result of the action will only place the money in the control of the court, for such purposes as it is required. 2 G. & H., § 164, p. 531. It is claimed that the complaint is bad for not showing that the administrator had been removed before suit was brought. The statute authorizes suit to be brought at any time for the breach complained of in the case in judgment. 2 G. & H., §§ 162, 163, pp. 529, 530, 531. The complaint is objected to because it does not show that the money came to the hands of the administrator after the execution of the bond sued on. There is no foundation for this objection. The administrator had the money in his hands at the time the bond was executed, and afterward converted it to his own use. This created a liability against these defendants. *Bales* v. *The State ex rel. Pennington,* 15 Ind. 321.

The defendants answered by a general denial, and three other paragraphs not necessary to be noticed. The sureties answered in five paragraphs. Separate demurrers were sustained to the 1st, 2d, 3d and 4th, and overruled to the 5th. The plaintiff replied to the 5th paragraph. Trial by the court; finding for the plaintiff; motion for a new trial overruled, and judgment.

The ruling of the court below in sustaining the demurrers to the 1st, 2d and 3d paragraphs of the answer of the

sureties is assigned for error. The question made on the ruling sustaining the demurrer to the first paragraph of the answer has been passed upon in considering the sufficiency of the complaint. The second paragraph alleges that after the money had been received by the administrator and reported to the court, and for a long time thereafter, he was solvent, and that the relators neglected to institute proceedings to obtain or collect the money; and that the relators and the court dismissed proceedings by citation and attachment after the same had been instituted, without the knowledge or consent of the sureties, and that by reason of the negligence and carelessness of the relators, and of the court, the money was not collected and *Owen* became insolvent. The court below committed no error in sustaining the demurrer to this paragraph. *Owen et al.* v. *The State ex rel. Owen et al., ante* p. 108. The fourth paragraph amounts to the general denial, and as that was in for all the defendants, the appellant were not injured by the ruling of the court below on this paragraph.

The judgment is affirmed, with costs, and one per cent. damages.

*P. S. Kennedy* and *S. Blair*, for appellants.

*C. C. Nave*, for appellees.