*D. Studebaker*, for appellant.

• *J. R. Bobo*, for appellee.

─────────o─────────

LANE and Another *v.* THE STATE, on the relation of HARMON'S Administrator.

EXECUTORS AND ADMINISTRATORS.—When an administrator resigns his trust, it is his duty to pay the money in his hands, belonging to the estate, into court, or to his successor in the trust, and no demand is necessary before suit is brought by the administrator *de bonis non.*

MISJOINDER OF CAUSES OF ACTION.—The Supreme Court cannot reverse a judgment for an error of the court below, either in sustaining or overruling a demurrer for a misjoinder of causes of action.

SAME.—The misjoinder of causes of action referred to in section 50 of the code, as a cause of demurrer, is where two or more causes of action between the same parties, but belonging to different classes, are united, in violation of section 70 of the code.

SAME.—PRACTICE.—Where two causes of action belonging to the same class are improperly united in one suit, because they do not constitute joint causes of action against all of the defendants, but separate causes of action against each, the defect is not reached by a demurrer assigning for cause a want of sufficient facts. The objection should be taken by motion.

PRACTICE.—Where a demurrer is sustained to an answer which should have been stricken out on motion, on account of its being equivalent to the general denial, a correct result having been reached, the judgment will not be reversed on account of the error in the manner of attaining it.

TRIAL.—CONTINUANCE.—An affidavit for the continuance of a cause, on account of the absence of a witness, must show that diligence has been

Lane and Another *v.* The State, on the relation of Harmon's Administrator.

used to procure the attendance or deposition of the witness. That the witness is a co-defendant and has been served with process, and it was expected would be present at the trial, constitutes no excuse for want of diligence in procuring his evidence.

EVIDENCE.—In a suit upon two bonds given by an administrator, the second having been given upon the application of the sureties on the first to be discharged, the sureties upon the second bond offered to prove the declarations of the administrator, made at the time of executing the second bond, as to when the defalcation sued for occurred.

*Held,* that the evidence was not competent.

DISCHARGE OF SURETY.—ADMINISTRATORS BOND.—Where the sureties upon the bond of an administrator file an application to be discharged, and a citation thereupon issues to the administrator, who, in response thereto, appears and files a new bond, which is approved, the sureties upon the first bond are discharged, without a formal order of the court directing their discharge.

ADMINISTRATOR'S BOND.—EVIDENCE.—In a suit upon an administrator's bond, an account current filed by the administrator is at least *prima facie* evidence that the amount therein stated was in the hands of the administrator at the time of filing the account.

APPEAL from the *Orange* Common Pleas.

ELLIOTT, J.—In this case, *Albert,* as administrator *de bonis non* of the estate of *Asa Harmon,* deceased, sued *John Dishon,* the former administrator of said estate, on two bonds executed by him as such administrator, conditioned for a faithful discharge of his duties as such, &c., and also *Willis Luttrell, Julius Flick, John A. Lane, Jonathan McVey,* administrator of *James Dishon,* deceased, and *James Worrell,* administrator of *John Filkner,* deceased.

The facts disclosed in the complaint are, in substance, as follows, viz: The defendant *Dishon* was duly appointed administrator of *Harmon's* estate on the 23d of *September,* 1859, and executed one of the bonds sued on, with *Luttrell* and *Flick* as his sureties, conditioned for the faithful performance of said trust. In 1861, *Luttrell* and *Flick,* becoming fearful that *Dishon* would become insolvent, filed a petition in the Court of Common Pleas, praying to be discharged from further liability as his sureties, and that he be removed from the trust, or required to execute a new bond with other sureties. Upon the filing of the petition, a cita-

tion was issued and served on *Dishon*, in answer to which he appeared and filed, in open court, a new bond, in the penalty of three thousand dollars, with *Lane, James Dishon* and *Fillner* as his sureties. The court approved of the bond, and then dismissed the petition of *Luttrell* and *Flick*. *Dishon* subsequently resigned the trust, and *Albert*, the plaintiff, was appointed in his stead, as administrator *de bonis non*. Both bonds, and all the parties thereto still living, and the legal representatives of those who had died, were united in the same suit, and in the same paragraph of the complaint. The breach assigned was, that *Dishon* had received, as such administrator, under each of said bonds, the sum of one thousand dollars, making, in all, two thousand dollars, which he had failed and refused to pay over, or in any manner account for. *Dishon*, the principal, did not appear. *Luttrell* and *Flick*, the sureties on the first bond, appeared and demurred to the complaint; but the demurrer was overruled, and they then filed an answer, upon which issue was joined. There was no appearance by *McVey*, the administrator of *James Dishon*, but *Worrell*, the administrator of *Fillner*, deceased, who was one of the sureties on the second bond, and *Lane*, the surviving surety on the same bond, appeared and demurred to the complaint, on these grounds: First. That the complaint did not state facts sufficient to constitute a cause of action against them. Second. That there was a defect of parties defendant. Third. That several causes of action were improperly united. The court overruled the demurrer, to which an exception was taken. *Lane* and *Worrell* then answered in four paragraphs, as follows: 1. The general denial. 2. That the breaches alleged in the complaint all occurred prior to the execution of the bond on which said *Lane* and *Fillner* were sureties, and that said *Dishon* had fully accounted for all moneys remaining in his hands, as such administrator, at the date of the execution of said bond, or that came into his hands as such administrator thereafter. 3. That the original bond given by said *Dishon*, as in the

complaint mentioned, remained in full force; that the sureties thereon had never been discharged; that they are solvent, and that the plaintiff's remedy thereon remained unexhausted. 4. That the cause of action sued on "did not arise within three years previous to the commencement of this action."

The court sustained a demurrer to the third and fourth paragraphs of said answer, to which ruling said defendants excepted. Reply in denial of the second paragraph.

Trial by the court, by agreement of parties, a jury being waived. The court found that the entire assets of the estate, unadministered, were in the hands of *Dishon*, the administrator, at the date of the execution of the second bond, and that *Luttrell* and *Flick* were released from all liability for losses occurring after the execution of the second bond, and therefore found in favor of *Luttrell* and *Flick*, and against the defendants, *Lane*, and *Worrell* as administrator of *Fillner*, and assessed the damages at the sum of four hundred and thirty-three dollars and eighty-four cents. Motion for a new trial overruled, and judgment on the finding against *Lane*, and *Worrell* as administrator of *Fillner*, and also against *Dishon*, the principal, and *McVey*, administrator of *James Dishon*, deceased, one of the sureties on said second bond.

*Lane* and *Worrell* alone appeal. The first objection urged to the proceedings in the lower court is the overruling of the appellants' demurrer to the complaint. It is claimed that the complaint is insufficient, because the breaches complained of do not come within any of the statutory causes for which such suits may be brought; that when *Dishon* resigned the trust, he was not ordered to pay the money in his hands into court, and no demand for its payment is averred in the complaint. It must be conceded that the complaint does not contain the evidence of having been drawn by a skillful pleader. It contains the averment, however, that *Dishon*, as such administrator, had collected

a large sum of money, to-wit, $2,000, belonging to the estate, which he has failed, neglected and refused to pay over or account for, either to the Court of Common Pleas, or to the plaintiff as administrator *de bonis non*. When *Dishon* resigned his trust, it was his duty to pay the money in his hands, belonging to the estate, into court, or to the plaintiff, as his successor in the trust, and no demand, we think, was necessary. The statute authorizes a suit by the succeeding administrator, on the bond of the previous administrator, for any "violation of the duties of his trust." 2 G. & H., § 162, p. 531. We think the facts alleged in the complaint show a cause of action against the appellants.

Another objection urged to the complaint is, that there was a misjoinder of causes of action. This court cannot reverse a judgment for an error of the court below, either in sustaining or overruling a demurrer for misjoinder of causes of action. 2 G. & H., § 52, p. 81. The misjoinder of causes of action referred to in section 50 of the code, as a cause of demurrer, is evidently where two or more causes of action, though between the same parties, but belonging to different classes, are united in the same suit, in violation of section 70 of the code. Here, the causes of action belong to the same class, but are improperly united in the same suit because they are against different defendants, making both a misjoinder of causes of action and of parties; and the complaint is still further defective in uniting both causes of action in the same paragraph. These defects would clearly have rendered the complaint bad on demurrer at common law; but it is otherwise under the code. The complaint shows a valid cause of action against each set of defendants, and the defect was not reached by the demurrer, assigning as a cause that the complaint did, not state facts sufficient to constitute a cause of action. It should have been taken advantage of by motion, which was not done. The improper union of the two suits did not injure the appellants on the final hearing, and the record,

therefore, presents no error in that respect of which they can avail themselves for a reversal of the judgment.

It is further insisted by the appellants, that the court erred in sustaining the demurrer to the third paragraph of their answer. That paragraph, at most, was only an argumentative denial of the complaint. The general denial was also pleaded by them, and the third paragraph should have been stricken out on motion. A proper result having been reached by the demurrer, we cannot reverse the judgment merely because it was not attained in a different mode.

It appears by a bill of exceptions, that when the cause was called for trial, the attorney of the appellants filed an affidavit and moved thereon for a continuance of the cause, owing to the absence of the defendant *Dishon,* by whom it was alleged they expected to prove that "all, or a large portion of the defalcation charged in the complaint, occurred prior to the execution of the bond of said *Dishon, Lane* and *Filkner.*" The court overruled said motion, and this ruling is assigned for error. The ruling was correct. The affidavit showed that no effort had been made to procure the evidence of the absent witness, and did not show any reasonable excuse for the neglect. It stated that *Dishon* resided in *Marion* county. He had not been summoned as a witness, nor was any effort made to procure his deposition; but it was stated in the affidavit that from the fact that he was served with process as a defendant in the cause, they supposed he would be present at the trial, and did not know why he was not. The fact stated furnished no excuse for a neglect to use the proper means to procure his evidence.

On the trial of the cause, the appellants introduced as a witness one *Mavity,* who, after being sworn, was asked "to state what declarations, if any, he heard the defendant *John Dishon* make, at the time of executing the second bond, respecting the time when the defalcation complained of occurred." The court refused to allow the witness to answer the question. This ruling is also complained of as

being erroneous. *Dishon* was a competent witness for the appellants as to when he had converted the money to his own use, if at all. He was sued on both bonds, and to him it could not be material whether the recovery was on the first or second bond. There was an entire absence of any interest to induce him to testify unfairly against the appellants, and we know of no rule of law to justify the giving of his declarations in evidence under the circumstances. We think the ruling of the court was correct.

Another point urged by the appellants is, that as there was no order of the Court of Common Pleas, in terms, releasing the sureties on the first bond, upon the filing of the second one, such second bond must be regarded only as an additional one, and that the first bond must be exhausted before resort can be had to the second. The sureties on the first bond filed an application, under section 29, 2 G. & H., 493, to be released, and the record shows that, in response to a citation issued against him on that application, *Dishon* filed the second, or new bond, with the appellants as his sureties, and that the court, after approving of the new bond, and because of its being filed, dismissed the application of the ·sureties. The right of the sureties, under the statute, to be released from further liability, either by the removal of the administrator or by executing a new bond, was an absolute one, not dependent on the discretion of the court. The record shows that a proper application for that purpose was made, and that in response thereto the administrator did execute a new bond, which the court approved. The proceedings would have been in better form if an order had been entered for the discharge of the sureties on the first bond from future liability, but such an order was not necessary to such discharge. The filing of the new bond, in answer to the application, operated as a discharge, under the statute.

The account current filed by *Dishon* in 1863, nearly two years after the new or second bond was given, which was given in evidence by the plaintiff, showing a balance then

in his hands of $1,023 59, was at least *prima facie* evidence that the amount so stated was then actually in his hands and unconverted.

We think the evidence fully sustains the finding of the court, and that the judgment of the Court of Common Pleas should be affirmed.

The judgment is affirmed, with five per cent. damages and costs.

*A. M. Black* and *F. Wilson,* for appellants.

*A. J. Simpson, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellee.