The State. *ex rel.* Page, Guardian, *v.* Page *et al.*

---

THE STATE, EX REL. PAGE, GUARDIAN, *v.* PAGE ET AL.

| 63 | 209 |
| 136 | 527 |
| 63 | 209 |
| 144 | 107 |
| 63 | 209 |
| 167 | 431 |
| 167 | 616 |

GUARDIAN AND WARD.—*Release of Surety, and Execution of New Bond.—Action on Old Bond.—Answer.*—Where, by order of the proper court, upon his own application, a surety on a guardian's bond is released from his suretyship, and a new bond, with new surety, has been executed, he is thereby released as to any future liability on such bond; but such facts constitute no answer, on behalf of such surety, to a complaint on the old bond, for a prior breach.

SAME.—*Former Recovery.*—An answer in such action, by such surety, alleging a former recovery by the plaintiff, in an action on such new bond, against such guardian and the new surety, is insufficient on demurrer.

From the Warrick Circuit Court.

*S. B. Hatfield, C. A. DeBruler* and *E. R. Hatfield,* for appellant.

*I. S. Moore,* for appellees.

NIBLACK, J.—This was an action by the State, on the re-
lation of Minerva Page, guardian of Samuel F. Page and
others, minor children and heirs at law of Reuben S. Page,
deceased, against William D. Page, Andrew J. Miller and
William S. Harpole, on a guardian's bond, in which the
said William D. Page was the principal obligor.

The complaint stated, that, on the 13th day of January,
1873, the said William D. Page was appointed guardian of
the persons and estates of the minor heirs above referred
to, and executed a bond as such guardian, with the said Mil-
ler and Harpole as his sureties; that there immediately came
into the hands of the said William D. Page, as such guar-
dian, the sum of two thousand dollars, which he, during
the months of April, May and June, in said year 1873,
converted to his own use, and which he had failed to pay
over to the relatrix, as he was ordered and directed to do
by the Warrick Circuit Court.

The defendant Page made default.    The other defend-
ants, Miller and Harpole, answered in three paragraphs:

1.    The general denial, which was subsequently with-
drawn;

2.    That, in June, 1874, they made application by peti-
tion to the said Warrick Circuit Court to be released from
liability as sureties on the bond sued on, and that, on the
11th day of July, 1874, their petition coming on to be
heard, it was ordered by said court, that they be released
as such sureties, and that their codefendant, Page, should
execute a new bond as such guardian, which he thereupon
did execute, with one Levi Wilkerson as his surety; and,

3.    Setting up substantially the same facts as in the sec-
ond paragraph, and averring, that, in an action on the rela-
tion of the said Minerva Page, against the said William D.
Page and the said Levi Wilkerson, on said new bond, the
relatrix recovered a judgment in said Warrick Circuit
Court, against the said William D. Page and Levi Wilker-

son, for the sum of one thousand six hundred and forty-nine dollars and forty cents, and costs of suit, which judgment was in full force, unreversed and unsatisfied.

The plaintiff demurred to the second and third paragraphs of the answer above set out, but the demurrer was overruled, and the plaintiff standing on the demurrer, and declining further to reply to said paragraphs, judgment was rendered in favor of said Miller and Harpole, and against the relatrix, for costs.

We are, therefore, only required to consider the sufficiency of the second and third paragraphs of Miller's and Harpole's answer.

Section 29 of the act concerning the settlement of decedents' estates, and prescribing the duties of executors and administrators, provides, that " Any surety may apply to the proper court * * * to be released from his bond with such executor or administrator, by filing his request therefor with the clerk of such court, and giving ten days' notice thereof to such executor or administrator, when such court shall release such surety ; and if such executor or administrator fail to give new bond or surety, as by it directed, he shall be removed, and his letters superseded ; * * * * * * and such original surety shall be liable only for the acts of such executor or administrator from the time of the execution of the original to the filing of such new bond." 2 R. S. 1876, p. 504.

Section 165 of the same act, page 552, *supra*, further provides, that, " When any new bond shall be required of an executor or administrator, the sureties in the prior bond shall, nevertheless, be liable for all breaches of the conditions of such prior bond, committed or suffered before the new bond shall be approved by the court," etc.

Section 26 of the act in relation to guardians and wards still further provides, that " Sureties in the bond of any guardian may be discharged from future liability therein

under the same rules and regulations prescribed for the discharge of the sureties in the bond of executors and administrators, and all enactments on that subject shall apply to guardians and guardians' bonds and sureties." 2 R. S. 1876, p. 598.

From these sections of the statute, it is evident that when a surety in a guardian's bond is, upon his own application, released from his suretyship by order of the proper court, he is released only as to future liability on such bond, and not from any liability that may have already occurred upon it. Consequently, to a charge that a guardian had, in April, May and June, 1873, converted the assets of his wards to his own use, as in the case at bar, it is not a sufficient answer for his surety to say, that, more than a year after such conversion, he was discharged from liability on such guardian's bond. *Bales* v. *The State, ex rel., etc.,* 15 Ind. 321; *Owen* v. *The State, ex rel., etc.,* 25 Ind. 371; *Lane* v. *The State, ex rel., etc.,* 24 Ind. 421; *Lane* v. *The State, ex rel., etc.,* 27 Ind. 108; *Vivian* v. *Otis,* 24 Wis. 518; *Cook* v. *The State, ex rel., etc.,* 13 Ind. 154.

An answer of a former recovery must make it appear that there is an identity between the present and the previous cause of action, and that the parties in the present action are the same as in the previous one, or else that they claim under the parties to such previous action. Bigelow Estoppel, p. 27; 1 Greenl. Ev., sec. 532; 1 Chitty Pleading, 16th Am. ed., p. 670, and notes.

Applying these rules to the third paragraph of the answer before us, the former recovery, attempted to be set up in that paragraph, was not well pleaded.

We are therefore of the opinion, that both the second and the third paragraphs of Miller's and Harpole's answer were bad upon demurrer, and that, because the court below held otherwise, the judgment in this action must be reversed.

The judgment is reversed, at the costs of the appellees, and the cause remanded for further proceedings not inconsistent with this opinion.