Okey, J.
As the proceeds of the Missouri lands, amounting to about three hundred dollars, have been paid into court, the sureties of Daniel Stump are in no way liable to the plaintiff below, William A. Gross; and as John Gross had converted to his own use four thousand dollars, money of his wards, being the amount of a policy of insurance on their father’s life, before the guardian gave his second bond, the sureties in that bond are not liable to tire wards for the money or any part of it (State v. Sanders, 62 Ind. 562; State v. Page, 63 Ind. 209; Lowry v. State, 64 Ind. 421); it follows, necessarily (John Gross being insolvent), either that the sureties in John Gross’ first bond are liable for the amount, or that the wards are wholly without security or remedy with respect to it.
We entertain no doubt as to the liability of the sureties in the first bond. That instrument does not pursue the language of the statute, but by the terms of the act that is not material, and the bond, which is to be read as though the act of 1872 (69 Ohio L. 55 ; Rev. Stats. § 6269) had been in terms incorporated therein (Holt v. Whittier, 31 Ohio St. 475; Jewett v. Railway Co., 34 Ohio St. 601; Banks v. De Witt, ante, 263), *554 is sufficiently broad to cover the conversion here shown, for the guardian failed to “discharge with-fidelity the trust,” and probably the bond is sufficient, even without such curative provision. And neither the new bond of the first guardian, nor the resignation of the first and appointment of the second guardian, nor the bond of the second guardian, had the slightest effect upon the liability of the sureties in the first bond, which became absolute by the receipt and conversion of the four thousand dollars by John Gross.
Rut it is urged that by the guardian’s first partial account, a definite sum of money was ascertained to be due from William A. Gross to him, and that to permit a recovery with respect to money received by the guardian and appropriated to his own use previous to filing that account, is to contradict the record. True, a partial account is conclusive unless attacked in the mode provided ■ by statute ( Woodmansie v. Woodmansie, 32 Ohio St. 18), but this is only in respect to matters adjudicated therein (Schouler’s Dom. Rel. [2nd ed.] 495), and there was no adjudication in the first account ,,as to the insurance money. Besides, the first partial account was corrected in that respect by the second partial and the final accounts, which show that the money was received after the first bond was given and before the giving of the second bond ; and of this Eichelberger had no right to complain. Scobey v. Gano, 35 Ohio St. 550. The Ohio cases mainly relied upon by counsel, arising upon other-statutes or materially different facts (Favorite v. Booker, 17 Ohio St. 548; Lindsay v. Lindsay, 28 Ohio St. 157; Woodmansie v. Woodmansie, supra; Newton v. Hammond, 38 Ohio St. 430; and see 1 S & C. 677, § 31; Rev. Stats. § 6289), are not inconsistent with this view. Our conclusion is, that the embezzlement, by John Gross, of the money of his wards, did not leave the wards remediless, but that the sureties in the bond, which was in full force and effect when John Gross received the money and converted it to his own use, are liable, and that the judgments in the courts below against Eichelberger are right.

Motion overruled.