## Machias Hotel Company *versus* Coyle.

To maintain assumpsit, there must be a privity of contract between the parties.

The party in interest, for whose benefit a promise has been made in the name of his agent, may maintain suit thereon in his own name; but only when there was a consideration derived by one party from another party to the suit.

One, uniting with others in a joint stock association for a business enterprize, by signing a general subscription-promise, stipulating that each should pay for his shares, but making no provision for becoming a corporation, cannot in a suit by the corporation, afterwards created for completing the enterprize, and consisting of some or all of the other associates, be held *by the mere force of the subscription* to pay for his shares; there being no privity of contract.

In such a suit by the corporation, no liability can be deduced from expenditures made by the unincorporated association; there being no privity of contract; nor from expenditures made by the corporation itself, there being no consideration.

On Facts agreed.

Assumpsit.

The writ contained a special count upon the defendant's promise, and also the common money counts.

Some of the inhabitants of Machias associated, with a view to get a public hotel established in that town, and procured subscribers in aid of that purpose. The paper subscribed was in the following form : —

" The undersigned, being impressed with the absolute necessity of providing a suitable building in this village to accommodate the public as a hotel, hereby promise and agree to pay to such person as those who become subscribers hereto, shall hereafter appoint as their treasurer, the sums of money set against their names respectively, the sum of twenty-five dollars to be considered as a share, and the first three or any other three of the subscribers hereto, whenever the amount of five thousand dollars shall have been subscribed, to be authorized to call a meeting of the subscribers to take such action in regard to procuring a lot for the proposed hotel, and building the same, as they shall deem expedient.

" Each subscriber to be entitled to votes in proportion to his number of shares.        " Machias, Aug. 4, 1851."

To this paper about eighty persons appended their names, subscribing for a few more than two hundred shares. Among these persons, the defendant, by his agent, subscribed for two shares.

Several meetings of these subscribers were duly called, at which most of them attended. At one of these meetings they chose a building committee and a treasurer, and appointed an agent, who procured from the Legislature an Act, passed in February, 1852, incorporating six of their number, with their associates and successors, by the name of the *Machias Hotel Company*, which was afterwards duly organized.

Prior to the passage of that Act, the association had expended one thousand dollars toward the erection of the hotel. The corporation then stepped in, taking the benefit of the purchases made and of the labor performed by means of that expenditure, and then expended an additional sum of $4000.

The defendant though requested by the treasurer of the

association and also by the treasurer of the corporation, re-
fused to pay the sum, ($50,) which he had subscribed, and
this suit is brought to recover the same.  He never attended
any of the meetings, either of the association or of the cor-
poration.

Several of the subscribers to the paper, including the de-
fendant, did not associate with the corporation, or recognize
any of their doings.

The case was submitted to the Court for a decision, "as
the law, applied to the facts, may require."

*R. K. & C. W. Porter,* for the plaintiffs.

I. The defendant's promise will support *assumpsit* for
money laid out and expended.  Every sound principle de-
mands, that where persons expend money for public benefit,
on the faith of mutual promises, no one should be allowed to
throw his share of the burden upon his associates.  And to this
effect the law is well established.  *Homes, Adm'r of Larkin,*
v. *Dana,* 12 Mass. 190 ; *Farmington Academy* v. *Allen,* 14
Mass. 172 ; *Chester Glass Co.* v. *Dewey,* 16 Mass. 94 ; *Unit-
ed Society* v. *Eagle Bank,* 7 Conn. 456 ; *Religious Society*
v. *Johns,* 7 Johns. 112 ; *Bryant* v. *Goodnow,* 5 Pick. 228.

The same is laid down as a legal principle by Chitty on
Con. 505 ; Angell & Ames on Corporations, 476 and seq.

In *Foxcroft Academy* v. *Favor,* 4 Maine, 382, though de-
cided in favor of the defendant, in a suit on a subscription for
the establishment of an academy, the doctrine established as
above, was fully recognized, and the action failed merely for
want of a money count and for want of proof that money had
been expended.

In *Farmington Academy* v. *Flint,* referred to in *Farming-
ton Academy* v. *Allen,* the same point was decided in the
same way.

*Limerick Academy* v. *Davis,* 11 Mass. 113, and *Bridgewa-
ter Academy* v. *Gilbert,* 2 Pick. 579, at first sight appear to
militate against the principle contended for.  But, in the first
suit, the ground on which the Court base their decision for
the defendant, was want of privity in the parties, and they

suggest that a money count might have sustained the action. In the second, Gilbert had notified the trustees of his refusal to ratify his agreement, before expense incurred, and for good reason, i. e. the removal of the academy.

In the case at bar, the money count is depended on; and it is admitted that there had been an expenditure of $5000, on the faith of that subscription paper, before and after incorporation. A part of that expense, $1000, was expended within a very few days from the time of the defendant's subscription, Sept. 4, 1851.

II. It was proper to bring the action in the name of the Machias Hotel Company, instead of the names of the individual subscribers or their treasurer.

1. A promise to pay an agent will support an action by his principal. Chitty's Plead. 5, 8; *Warren Academy* v. *Starrett*, 15 Maine, 443; *Garland* v. *Reynolds*, 20 Maine, 45; *Gilmore* v. *Pope*, 5 Mass. 491; *Niven* v. *Spikeman*, 12 Johns. 401; *Pigot* v. *Thompson*, 3 Bos. & Pull. 147.

2. The " Machias Hotel Co." is identical with the associated subscribers, and succeeds to their right of action. *Medway Cotton Manufacturing Co.* v. *Adams*, 10 Mass. 360; *Commercial Bank* v. *French*, 21 Pick. 486; *Lowell* v. *Morse*, 1 Met. 473; *Charitable Association* v. *Baldwin*, 1 Met. 359.

The charter was procured by the act of the association, and in pursuance of its vote, and was accepted at a meeting of the original subscribers.

That it was intended by the subscribers to get a charter of incorporation, is an irresistible inference from the character of the enterprize.

The property purchased and the labor done for the *association* vested in the *corporation*, so soon as the charter was obtained.

The action then is brought by the associated subscribers, or those of them who, on the faith of the mutual agreement, have expended their money. Can it be that they have lost their right to recover merely, because they sue by the name given them by the Legislature?

Machias Hotel Company *v.* Coyle.

If it is objected, that the defendant did not join in the procuring a charter, and cannot be bound by it, the reply is, that on the faith of the mutual subscription, much of the money was raised and expended, before the charter was procured.

This suit is not brought against the defendant as a stockholder, but merely to recover the money expended by the associates on the faith of his promise.

*B. Bradbury,* for the defendant.

The action cannot be maintained. There was, in fact, no consideration for the defendant's promise, nor does the paper, signed by him, import any. *Limerick Academy* v. *Davis,* 11 Mass.' 113; *Farmington Academy* v. *Allen,* 14 Mass. 175; *Bridgewater Academy* v. *Gilbert,* 2 Pick. 579; *Foxcroft Academy* v. *Favor,* 4 Maine, 383.

The only ground upon which an action of this description can ever be maintained is, that by reason of the contract the plaintiffs were led to confide in the engagement of the defendant so far as to advance their own money for him, so that equity and good conscience require of him a reïmbursement.

Now if there be any obligation upon this defendant to make any reïmbursement, it is not to these plaintiffs, but to his co-subscribers, and the suit should be in their name, and not in that of the plaintiffs.

The promise of the paper was to pay to the treasurer of the associates. There is, therefore, no privity of contract between these parties.

There was no authority, conferred by the paper, upon any body to procure a charter for a company from the Legislature. Nor did the defendant ever subsequently assent to any such procedure, and he is not bound by it. He attended no meeting of the subscribers, and was bound by none of their doings. He never became one of the company, for he was not named in the Act of incorporation, and never took any interest or part in it.

SHEPLEY, C. J. — The subscribers to the paper, bearing date on Aug. 4, 1851, associated for the purpose of building

a hotel. Each agreed to take and pay for a certain number of shares to such person as should be appointed their treasurer. The paper is wholly silent respecting any design of the subscribers to become a body corporate. It contains no authority for any one to make application for an Act of incorporation or any authority for the subscribers to vote or act upon that subject.

By an Act, approved on Feb. 18, 1852, some of the subscribers were incorporated by the name of the Machias Hotel Company. By a comparison of the names of the corporators and their associates with those of the subscribers, it appears, that several of the latter did not become members of the corporation. It does not appear, that they in any manner assented to or recognized its proceedings as affecting them or their interests. The defendant did not.

The amount subscribed by the associates could not have been promised by or for the corporation. The promise of the defendant was not made to the corporation or to any one acting for it. If the promises of the associates were binding, each had a personal interest in the performance of the promise of every other, of which he could not be deprived without his consent.

A valid promise may be made to an individual, or to a joint stock company, or to a corporation, by description or in the name of an agent; and an action may be maintained, in its own proper name, by such person, association or corporation. But this is true only, when the consideration, which is the essence of the contract, is derived by one party from another party to the suit. (This remark can have no reference to negotiable paper.) In such cases the agency or the name, by which one party acts, may be disregarded, and the suit may be maintained in the name of the party, for whose benefit the contract was made.

It is admitted that this suit cannot be maintained upon a promise of the defendant made to others, with whom the corporation is not identified, while it is insisted, that it can be on

the count for money laid out and expended for the use of the defendant.

There is no proof of an expenditure of money by the corporation at the request of the defendant, express or implied, or for a purpose from which he could derive any benefit. The corporation does not appear to have expended money, except for property or purposes of its own, in which the defendant has no interest.

It is admitted, that the associates, before the Act of incorporation was obtained, expended one thousand dollars. If the property, thus procured by individuals, was conveyed by them to the corporation, the defendant could probably derive no benefit from that expenditure. If he could, or if those individuals retain the property and can be considered as holding it in trust for the associates, the corporation, not being identified with those whose money was expended, cannot claim to have conferred a benefit upon the defendant by its expenditure. The essential difficulty is, that there is no proof of any consideration between these parties, either by benefit received by one or injury sustained by the other.

*Plaintiff nonsuit.*

Tenney, Rice, Hathaway and Appleton, J. J., concurred.