ROBERT BURNETT *v.* ABEL STEARNS, PIERE (OR PEDRO) DOMEC, AS RECEIVER OF THE PERSONAL PROPERTY OF ABEL STEARNS, PIERE (OR PEDRO) DOMEC, IN PERSON, S. C. AND JOHN FOY, AS " S. C. FOY & BROTHER," EPHRAIM N. MORSE, GEORGE H. HOWARD, WILLIAM E. DODGE, WILLIAM E. DODGE, JR., JAMES STOKES, ANSON G. PHELPS, STOKES AND D. W. JAMES, PARTNERS, ETC., AND JOHN PARROTT.

TIME OF NOTICE OF MOTION FOR NEW TRIAL.—Under section one hundred and ninety-five of the Practice Act, as amended in 1866, a notice of motion for a new trial is within time if served within ten days after receiving written notice of the filing of the findings or the rendering or filing of the decision of the Court, in all cases except where the action has been tried by a jury.

CONSTRUCTION OF PROMISES IN PROMISSORY NOTES.—When the note on which suit is brought is proved or admitted to have been made by the alleged maker, all the terms of the promise sought to be enforced, including the kind of money to be paid, must be ascertained and determined by an inspection and construction of the instrument.

JUDGMENT FOR UNITED STATES GOLD COIN.—In an action upon a note and mortgage, by the terms of which the payments, promised and secured, are to be made in United States gold coin, or in default of that then in legal tender notes at their

market value in gold coin in the San Francisco market : *held,* that a judgment for gold coin was properly rendered. (*Lane* v. *Gluckauf,* 28 Cal. 288, is cited as authority.)

IDEM.—Such a note is authorized by and enforceable under the Specific Contract Act.

CONTRACT TO PAY IN GOLD AND SILVER COIN.—Under the Specific Contract Act, a promise in writing to pay in United States gold and silver coin is enforceable by judgment for the payment of gold and silver coin, and a judgment for gold coin only is erroneous.

SUFFICIENCY OF FINDINGS.—A fact, contained in the findings of the Court, which contradicts the admissions of the pleadings, will not be regarded ; and no presumption that it was founded upon competent evidence will be indulged.

APPEAL from the District Court, First Judicial District, Los Angeles County.

This was an action of foreclosure on two certain notes and a mortgage of certain real property situated in Los Angeles County to secure their payment. The notes were set forth in *hæc verba* in the complaint; their due execution was not sufficiently denied in answer to raise an issue thereon. The defendants, except Abel Stearns, were impleaded as parties having or claiming to have some interest in the property mortgaged, which interest was alleged in the complaint to be subsequent and subordinate to plaintiff's mortgage lien thereon. The defendants, except Stearns, made default, and defendant Stearns by his answer raised issue only upon plaintiff's demand, contained in the prayer of his complaint, for a judgment payable in the gold coin of the United States. The terms of one of said notes were as follows, to wit :

" $11,000.
                              " SAN FRANCISCO, May 19th, 1864.

" Six months after date, for value received, I promise to pay to Adolph Portugal, or order, in United States gold and silver coin, the sum of eleven thousand dollars, with interest from date at the rate of one and one half per cent ($1\frac{1}{2}$ per cent) per month until paid; and in case of failure to pay said interest and principal in such coin as aforesaid, then for value received, I promise to pay to said Adolph Portugal or order, such further sum or percentage as damages and in

addition, as shall be equal to the actual difference in value in the San Francisco market, between such coin and United States Treasury Notes, or other paper evidence of indebtedness, which are, or shall have been made by Act of Congress, a legal tender in payment of debts.

"ABEL STEARNS.

"Witness: HENRY HAIGHT."
[Revenue Stamps.]

The other of said notes was in like terms, except the principal sum thereof, and that the words "United States gold coin" were used instead of the words "United States gold and silver coin."

The trial was before the Court without a jury, and the Court, among other things, found as a fact that there was due the plaintiff upon said notes seventeen thousand nine hundred and thirty-one dollars in the gold coin of the United States. The plaintiff had judgment according to the prayer of his complaint, which was entered November 20th, 1866. On the 1st day of December, 1866, defendant Stearns gave notice of motion for a new trial, upon the grounds that the findings of fact were against the pleadings and the evidence, and that the judgment was against law. The motion for new trial was denied by the Court, and defendant Stearns appealed from the order denying said motion and from the judgment.

The other facts are stated in the opinion of the Court.

*V. E. Howard*, for Appellant.

The Court rendered judgment for the sum of seventeen thousand nine hundred and thirty-one dollars, "gold coin."

It is assigned for error, that as to the first note, the judgment does not pursue the contract, inasmuch as the contract is for "gold and silver coin," and the judgment is for gold coin. That the Specific Contract Law declares that "in an action on a contract, or obligation in writing, for the direct payment of money, made payable in a specific kind of money

or currency, judgment for the plaintiff, whether the same be by default or after verdict, may follow the contract or obligation, and be made payable in the kind of money or currency specified therein." (Pr. Act, Sec. 200.) The two hundred and tenth section requires the execution as to the currency to follow the judgment. In this instance, the judgment violates the Specific Contract Law, as it is not payable in the kind of currency specified in the mortgage. Independent of that law, the judgment would be for money generally, and in order to entitle himself to the specific performance provided in that law, the plaintiff must bring himself within its provisions.

It is no answer to say that there is no difference shown between a gold and silver dollar in value. The obligor is bound only according to the contract, and that is, to pay in one or the other, or both, at his option and in such proportions as he may elect. Such is the agreement of the parties. (*Small* v. *Quincy,* 4 Greenl. 497.) The judgment must follow the contract, as held in *Reed* v. *Eldridge,* 27 Cal. 347, where the variance was much less than in this case.

*Glassell & Chipman,* for Respondents.

. The judgment roll shows no error. The fourth finding of the Judge states, as a fact, that there is due upon the notes sued on "*in gold coin,*" the amount sued for.

The evidence by which this *fact* was established is not set forth, but must be presumed to have been competent and sufficient. Error will not be presumed. (5 Cal. 151; 7 Cal. 290.) And if the findings referred to were insufficient *per se* to sustain the judgment, this Court would presume that such other facts were proven as are necessary to sustain the judgment. (*Jenkins* v. *Frink,* 30 Cal. 586; *James* v. *Williams,* 31 Cal. 211; *Lyon* v. *Leimback,* 29 Cal. 139.) Hence this Court would presume, if necessary, that a sufficient promise in writing to pay said indebtedness in gold coin was proven in the Court below. If an error of law occurred, no injury was

sustained by appellants that would justify an appeal. In contemplation of law, a silver dollar is as valuable as a gold dollar. A judgment for gold coin is therefore equivalent to a judgment for the same amount in gold and silver coin. Hence, if the judgment should strictly have been for *gold* and *silver* coin, instead of for gold coin, the error is so immaterial and innoxious to the appellant that this Court will not disturb the judgment of the Court below on account of it. (5 Cal. 151; Pr. Act. Sec 335; *Weiser* v. *Denison*, 10 N. Y. 68.) The point was not made in the Court below. If it had been, the judgment would probably have been modified so as to avoid such objection. (*Morgan* v. *Hugg*, 2 Cal. 409; *Stoddard* v. *Treadwell*, 29 Cal. 282.) Nor is the point embraced in the grounds of appeal. (29 Cal. 282.)

By the Court, RHODES, J. :

The plaintiff objects to the defendants' statement on motion for a new trial, on the ground that the notice was not served and the statement was not filed within the time prescribed by the Practice Act. The objection cannot be sustained. Under section one hundred and ninety-five, as amended in 1866, the party intending to move for a new trial has, in all cases, except when the action has been tried by a jury, ten days within which to give notice of his intention after receiving written notice of the filing of the findings, or of the rendering or filing of the decision. It does not appear that such written notice was given in this case, and the defendant was therefore within time. The statement also was filed within the statutory time after the notice was given.

The first ground of the motion is that the evidence does not justify the findings, because the "note and mortgage are made payable in United States gold coin or legal tender notes, at the option of the defendant." When it is found or admitted that the note upon which the suit is brought was made by the alleged maker, all the terms of the promise, including

the kind of money in which payment is to be made, is to be ascertained by an inspection and construction of the instrument. In *Lane* v. *Gluckauf*, 28 Cal. 288, we had under consideration a note substantially like those in this case, and upon which the Court below had rendered judgment for coin only; and in affirming the judgment it was held that the promise on the part of the maker was to pay gold; that the intention was to secure payment in that kind of money if it could be lawfully enforced; but if that could not be done, to secure payment in legal tender notes at their market value in San Francisco when converted into gold; and that this latter stipulation was not inserted in the contract for the benefit of the maker, nor to give him the election of the kind of money in which he might make payment. And it was further held that the Specific Contract Act afforded for cases of that sort the remedy of specific performance. The construction given to the note in that case is applicable to those in suit in this case.

The second ground is that the notes and mortgages are not authorized by the Specific Contract Act; and the third ground is that the judgment should not have been for any specific kind of money, but for money generally. Both of these points, as we have seen, were determined adversely to the defendant in *Lane* v. *Gluckauf*.

The point that the judgment is erroneous in the respect that it adjudges the whole amount to be due to the plaintiff in gold coin, when, in fact, the larger of the two notes is payable in "United States gold and silver coin," is well taken. It arises upon the pleadings and judgment—the note being set out in the complaint—and needs not the aid of a motion for a new trial for its presentation. It is true that the Court found that the amount of the larger as well as the. smaller note was due in gold coin, but this was contrary to the averments of the complaint, which were admitted by the defendant. The failure to deny under oath the execution of the note when copied into the complaint or annexed to it, amounts,

under the statute rules of practice, to the admission of its execution.. There can be in such case no issue of fact upon the tenor or effect of the note, and a finding upon these mat- ters, whether it agrees or disagrees with the terms of the note, is wholly nugatory. The finding should be confined to the facts in issue. The province of the Court in respect to facts is to determine but not to raise the issue. It is insisted on the other side that it will be presumed the Court found the fact in question from competent evidence. The answer is, it will not be presumed that evidence was introduced to contra- dict the admission of record. Perhaps this error occurred through inadvertence, but it is clearly an error under the provisions of the Specific Contract Act, which requires the judgment for a specific kind of money to follow the contract.

The Court below is directed to modify the judgment in respect to the amount due on the promissory note first described in the complaint, so that it shall be adjudged to be due and collectable in United States gold and silver coin.