FRANK WHEELER, *et al.*, Appellants, *v.* THE FLO-
RAL MILL AND MINING COMPANY, Respondent.

Subscription Agreement Where no Payee Named—Construction. Where
certain persons subscribed money towards building a quartz mill, in which
all the subscribers were to be interested ; and the subscription paper, with-
out naming any payee, provided that the money was to be paid in such
manner and at such time as the majority of the subscribers might order :
*Held*, that the subscription was for the mutual benefit of all the subscribers.

Pleading a Conclusion of Law. An averment that certain parties became
subscribers to the capital stock of a corporation by signing and delivering
an agreement among themselves is not a statement of any fact, but of a
mere conclusion of law.

Recovery of Subscription—Mutuality between Parties. Where it is attempted
to recover subscriptions, it must appear that there is mutuality between
the parties, and that the terms of the agreement have been complied with.

Fact not Properly Pleaded not Properly Found. Where in a suit to
foreclose a mechanic's lien in which defendant claimed a set-off, the
court found as a fact that the claim was "a proper matter of offset," but
there were no proper averments in the answer upon which to base such
finding : *Held*, that the fact was not properly found.

Appeal from the District Court of the Seventh Judicial
District, Lincoln County.

This was an action commenced by Frank Wheeler and
George W. Arnold, composing the firm of Frank Wheeler &
Co., against the defendant, for the purpose of foreclosing a
mechanic's lien for hardware, sold and delivered, amounting
to seventeen hundred dollars and upwards. A number of
other lien-holders intervened and set up their claims. The
decree was in favor of the plaintiffs and intervenors fore-
closing the respective liens; but in the case of the plaintiffs'
claim there was a set-off of one thousand dollars allowed,
reducing the judgment on their lien to $766.30. Wheeler &
Co. appealed from the judgment.

*A. B. Hunt,* for Appellants.

I.   The averment that plaintiffs became subscribers to the capital stock, etc., is simply a conclusion of law and leaves defendant in the position that it must maintain its off-set on the naked agreement alone or fail.

II.   The agreement referred to no corporation formed or about to be formed.   Plaintiffs never agreed to take stock in the corporation of defendant or any other corporation. To hold that defendant could maintain an action on its answer for the recovery of the $1,000, would be to make an entirely new and different contract for plaintiffs; not to enforce the one they made.

III.   The agreement set forth in the answer is between the subscribers for their benefit and does not either hint or even suggest the existence or possible formation of any corporation, either foreign or domestic.   If the agreement had been to take stock in any corporation, it could not be enforced by the corporation without tendering the stock.

*Thornton & Kelley,* for Respondent.

I.   The averment in the answer, "that the plaintiffs became subscribers to the capital stock," etc., being a conclusion of law, is surplusage.   The averment of the signing and execution of the instrument set forth, is a sufficient plea of the contract and places it before the court for construction.

II.   The agreement was a contract between two or several persons for the benefit of another, upon which the third party may maintain an action, and that without assignment, transfer or formal act of ratification.   *Carmegie* v. *Morrison,* 2 Met. 401; *Lawrence* v. *Fox,* 20 N. Y. 269; *Farley* v. *Cleaveland,* 4 Cow. 432; 9 Cow. 639; 2 Denio, 45 ; 4 Denio, 97;

1 Johns. 140; 17 Mass. 400; 7 Cush. 340; 10 Mass. 287; 1
Ventries 318; Comp. 443; 1 Boss. & Pull. 101 *in notis;*
*Lally* v. *Hays,* 5 Adol. & Ellis, 548.

III.   No question can be made as to the intent of the
parties, apparent upon the face of the instrument.   The
enterprise was halting and motionless upon the road to
completion and successful operation, for want of the neces-
sary funds.   Its need of money was urgent and immediate.
A denial that the moneys subscribed were needful for instant
expenditure for the completion of the mill would be frivolous
and without foundation.   Payment upon the order of a
majority of the subscribers was an immediate duty, without
which further progress in the common enterprise was impos-
sible.   The court below did not find the precise day upon
which the majority of the subscribers fixed the time of pay-
ment.   An implied finding will be presumed, that the reso-
lution was passed at a time convenient and seasonable to
effectuate the purposes of the movers of the undertaking.
It is to be presumed that this Court will hesitate to assume
a fact contrary to the implied declaration of the managers
of the company.

By the Court, HAWLEY, J.:

Respondent is a corporation, and in this action claimed
and obtained an offset of $1,000 against the mechanic's lien
sought to be foreclosed by appellants.   The agreement un-
der which the offset was claimed and allowed, reads as fol-
lows:

"Whereas it has been proposed to build a quartz mill at
Pioche, Lincoln County, State of Nevada, (to be situated with-
in the limits of said town of Pioche) the capacity of said mill
being ten stamps with furnace, all complete in working order;
and whereas, it is proposed to have the citizens of Pioche,

whether in their capacity as miners, mechanics, or others, to hold an interest in the ownership of said mill, it has been decided to receive subscriptions for the carrying out of the enterprise, in such manner and method as a majority of the subscribers hereto may elect; and whereas the sum of fifty thousand dollars in gold coin will be the utmost limit of amount of money desired for the enterprise, we, the undersigned, do hereby agree and promise to pay the several sums set against our names towards the amount desired, and in such manner and at such times as the majority of the undersigned may order.    Pioche, May 30, 1873.

FRANK WHEELER & CO.,     -     -     -     - $1,000."

This agreement was signed by sixteen others, and the subscriptions amounted in the aggregate to $35,000.    It was not signed by respondent.    It is apparent upon the face of this agreement that the subscribers were to have an interest in the mill; it was to be of the capacity of ten stamps; was to be built within the limits of the town of Pioche, and was not to cost over $50,000.    The subscribers were to meet· after the subscriptions were obtained and a majority were to elect the manner and method in which the proposed enterprise was to be carried out.

It will be observed that appellants did not undertake to pay "The Floral Mill and Mining Company," nor any particular person or corporation, the amount of their subscription.    It was not a subscription for the benefit of another, but for the mutual benefit of all the subscribers.    As a safeguard, it was provided that a majority of the subscribers should designate the manner, and direct the method, in which the enterprise was to be conducted.    Whether they were to proceed by acts of incorporation, or otherwise, is not expressed in the agreement, and the respondent has failed to allege any fact connecting itself with the subscribers.    The averment that appellants became subscribers

to the capital stock of respondent "by signing and de-livering" said agreement, is not a statement of any fact, but a mere conclusion of law.   The only other averment in the answer tending to connect respondent with the subscri-bers, to wit, that "the majority of the said persons, who signed said agreement, ordered that the several sums therein specified and set against the names of the said signers should be paid to the said company (respondent) on demand" is insufficient.   The answer fails to state what interest, if any, the appellants were to have in the property.   It does not give the capacity of the mill, nor state its cost; nor does it appear therefrom, that the majority of the subscribers ever decided the manner and method "for the carrying out of the enterprise."   In fact, there are no averments in the answer sufficient to show any mutuality between appellants and respondent, or that the terms of the agreement have been complied with.    Unless such facts are alleged and proved the respondent is not entitled to recover the amount of appellant's subscription.   *Goff* v. *Winchester College*, 6 Bush. Ky. 444; *Machias Hotel Company* v. *Coyle*, 35 Maine 410; *Atlantic Cotton Mills* v. *Abbott*, 9 Cush. 425; *Dalrymple* v. *Lanman*, 23 Md. 399; *Berry* v. *Yates*, 24 Barb. 202.   The court found as a fact, that the offset pleaded by respondent was a "proper matter of offset;" but we cannot presume that this fact was properly found, because there were no averments in the answer to base such a finding upon.   *Bar-ron* v. *Frink*, 30 Cal. 489; *Burnett* v. *Stearns*, 33 Cal. 473.

The judgment, allowing the offset of $1,000, is reversed and the cause remanded for a new trial.