[No. 6,701.—Department No. 2.]

## TRACY ET AL. v. CRAIG ET AL.

PLEADING—ANSWER—PRACTICE—FINDING.—The answer of one of the defendants failed to deny a material fact alleged in the complaint, but the answer was not demurred to, nor was any motion made for judgment on the pleadings; and the case was tried, as if he, like the other defendants, had sufficiently denied the allegations of the complaint; and the findings were in favor of the defendants generally. *Held*, that it was error in the Court to find in favor of the defendant referred to upon an allegation of the complaint which he did not deny.

EVIDENCE.—Certain evidence referred to in the opinion held to have been erroneously excluded.

TRUSTEE—FIDUCIARY—ADMINISTRATOR'S SALE—CONSTRUCTIVE FRAUD.—For its views upon the main question involved in the case the Court refers to the opinion in *Tracy* v. *Colby*, 55 Cal. 67.

APPEAL from a judgment for the defendants, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated in the opinion.

*Stetson & Houghton*, for Appellants.

Defendant Jewett admitted the allegations of the complaint. The finding of fact contradicting such admission must be disregarded, and the judgment must follow such admission contained in the pleadings. (*McDonald* v. *M. V. H'd Ass'n*, 51 Cal. 211; *Devoe* v. *Devoe*, id. 543; *Putnam* v. *Lamphier*, 36 id. 158.) A finding is useless and idle, unless the facts found are within the issues, and a judgment based upon such findings cannot be sustained. (*Morenhout* v. *Barron*, 42 Cal. 591; *Gregory* v. *Nelson*, 41 id. 286.) The objection may be taken upon appeal from the judgment. (*Putnam* v. *Lamphier*, cited *supra*.) The findings must be disregarded as to defendant Jewett, as contradicting the admission of the pleading. (*Burnett* v. *Stearns*, 33 Cal. 469; *Hill* v. *Den*, 54 id. 6.)

On the main question the counsel cited the same authorities as in *Tracy* v. *Colby*, 55 Cal. 67.)

*V. A. Gregg*, and *R. E. Arick*, for Respondents:

Cited the same authorities as in *Tracy* v. *Colby, supra,* 67.

SHARPSTEIN, J.:

This is an action to have the sale of a portion of the estate of Thomas Baker, deceased, set aside upon the same grounds as were alleged in *Tracy* v. *Colby*, 55 Cal. 67, for setting aside the sale of another portion of that estate. The plaintiffs in both cases are the same, and Colby, the County Judge and *ex-officio* Probate Judge of Kern County, is a defendant in each case. In this case it is alleged in the complaint, that defendants Craig and Jewett bid off the premises at the administratrix's sale, (which the plaintiffs seek to avoid) for themselves, Colby and Sinclair, jointly. After the sale, confirmation, and conveyance to defendants Craig and Jewett, they conveyed to each of the other defendants an interest in the land so purchased at said sale. Whether or not, as between defendant Colby and the other defendants, or any of them, there was any agreement or understanding, prior to the confirmation of the sale to Craig and Jewett, that Colby should have an interest in the land so purchased at the administratrix's sale, is the real point in controversy. The plaintiffs allege, in substance, that at some time before the administratrix's sale took place, the defendants had arranged among themselves that the real property described in the complaint should be purchased at the administratrix's sale by some one or more of their number, and thereafter held and disposed of for the common benefit of all of them. The defendants, Craig, Colby, and Sinclair, answer jointly, and deny that Colby had any interest, or that there was any agreement or understanding between him and the other defendants, or any of them, that he should have any interest in the land bought at said administratrix's sale, until after the confirmation of said sale.

The defendant Jewett filed a separate answer, in which he denies " that he fraudulently conspired and contrived, with his codefendants herein, or with any of them, for the purpose of defrauding," etc., and denies that he " made fraudulent or any arrangements, as alleged in the complaint, or any fraudulent, or any arrangements whatsoever, in fraud of the rights of said estate," and much more to the same effect.

The vice of his answer is that he nowhere unqualifiedly de-

nies that there was any agreement or understanding between the other defendants and Colby, prior to the confirmation of the sale, that he should have an interest in the land purchased at said sale. But his answer was not demurred to, nor was there any motion for judgment upon the pleadings as to him. On the other hand, the case was tried as if he, like the other defendants, had sufficiently denied that allegation of the complaint. The findings and judgment of the Court were in favor of the defendants generally. But it was error for the Court to find in favor of defendant Jewett upon an allegation of the complaint which he did not deny. Jewett was called as a witness on behalf of plaintiffs, and gave some testimony tending to prove that he and the other defendants had been jointly interested in land purchased at a foreclosure sale, and also in land purchased at an administratrix's sale of the Baker estate. As the two transactions seemed to be connected, we think that plaintiffs were entitled to have answers to the following questions, to which objections were made by defendants, and sustained by the court, viz. :

" Did Mr. Sinclair, one of the defendants, purchase land at that foreclosure sale ? "

" Did F. W. Craig and P. T. Colby, pursuant to the agreement you have testified to, make purchases of land at the foreclosure sale held in June, 1874 ? "

" Were there at any time an arrangement, or agreement, or understanding, between yourself and defendants Craig, Sinclair, and Colby, or any one of them, that you and Mr. Craig should purchase in the lands at the administratrix's sale purchased by yourself, defendants Craig, Colby, and Sinclair, at the mortgage sale, in the interest of yourself, defendants Colby and Sinclair ? "

" Has any of the lands purchased by you or Mr. Craig at said administratrix's sale been by you or Craig sold to any other parties ? "

" Have you at any time since the administratrix's sale, and before the deeds of December, 1877, offered in evidence, were made, had any conversation with defendants Colby, Craig, and Sinclair, or either of them, relative to the manner in which the land described in the complaint was held by you and them ? "

"What do you mean by saying that the purchase made by Mr. Colby, of the lands in suit, was subsequent to the confirmation of the probate sale? Do you mean that a contract of purchase was made, or simply that a conveyance was made by you to Colby?"

The plaintiffs excepted to the rulings of the Court in sustaining defendants' objections, and we are satisfied that said rulings were erroneous. All questions which were calculated to elicit answers which would throw any light upon the transactions of the defendants in regard to the lands involved in the action should have been allowed.

Our views upon the main question involved in the case were expressed in *Tracy* v. *Colby*, before referred to in this opinion, and it is unnecessary to repeat them.

Judgment reversed, and cause remanded for a new trial.

THORNTON, J., and MYRICK, J., concurred.