[No. 7,081.—Department One.]

## JAMES M. SILVEY *v.* JAMES NEARY ET AL.

ADMISSIONS IN THE PLEADINGS—FINDING—FINDING CONTRARY TO EVI-
DENCE—DEFINITION—ACTION TO ABATE NUISANCE.—A finding which
negatives the existence of a fact admitted by the pleadings, is a finding
against evidence, and the judgment rendered thereon is erroneous.

APPEAL from a judgment for the defendants, and from an order denying a new trial in the Twentieth District Court, County of Santa Clara. BELDEN, J.

Petition for hearing in Bank was filed in this case after judgment, and denied.

*Joseph K. Skirm,* for Appellant.

*Charles B. Younger,* for Respondents.

McKEE, J.:

This cause arises out of an action to abate an embankment in a watercourse, and to recover damages for injuries caused thereby. The Court below found for the defendant, and from the judgment in his favor the plaintiff appeals, upon the ground that the findings of the Court are not only not sustained by the evidence, but are directly opposed to the evidential facts of the case. It is alleged in the complaint that "on the 4th day of January, 1876, there run and flowed, and has ever since run and flowed, and still runs and flows, a watercourse, or stream of water, through, over, and from the land of the plaintiff to, over, and across the land of the defendants," in the channel of which the defendants have, on their own land, unlawfully erected and maintained an embankment, which backs the waters of the stream upon the plaintiff's land and drowns it.

The existence of the stream, as it is described in the complaint, is not denied by the answer. It is objected, however, that the description given in the complaint is not sufficient to locate the stream upon the premises of the parties. But the plaintiff, in his testimony, further described it as "a stream of water known as the Major's Mill Stream, which

flows, and always has flowed, through that part of my land below the hill and just at the foot of the hill. It is a living stream of water, running through the whole year, and large ·enough to run a flouring mill and a tannery in its course directly above me. It flows in a ditch or channel from the lands of one Feliz, just above me, through my land, and to and over the land of the defendants." This stream was testified to by the witnesses of the plaintiff and defendants. Its existence was assumed by all, and there was no evidence in conflict with the assumption. Yet the Court below finds, in substance, that the land of the plaintiff was a tract of three acres of " naturally wet and swampy land," lying between that of the defendant on the south and a tract of land on the north; that the tract to the north formed a water-shed for the lands of both plaintiff and defendants, from which the water drained upon both tracts " in *no well-defined channel,*" but spread itself out over both, and was carried off " through percolation or by the swales and undulations of their surfaces" into a lagoon or pond, about half a mile to the south, which served to drain the section of country in which the two tracts of land were situate; that from a low swale or natural depression, which includes a portion of both tracts, and on which the waters of ordinary rains would stand for several days, the defendants, in the spring of 1876, dug a ditch on their own land, close to the southern boundary line of the plaintiff's tract, beginning at the high land on the west and running nearly due east along the southern line of plaintiff's land, until it connected with another ditch which led to the lagoon to the south ; and that the earth removed to form this ditch, and that subsequently taken out of it in cleaning and repairing it, has been deposited, on either side of the ditch, by the defendants, forming an embankment, " which retards the discharge of the waters of *very heavy rains* from the land of the plaintiff."

The findings ignore the existence of the watercourse admitted by the pleadings and proved by the evidence, and of an embankment in the channel of the stream.

A finding which negatives the existence of a fact admitted by the pleadings is a finding against evidence, and the judgment rendered thereon is erroneous. When an action is tried before a Court without a jury, upon an admission of the truth

of any of the material allegations of the complaint, the findings of the Court should not deviate from the admitted allegation, either affirmatively or negatively. (*Burnett* v. *Stearns*, 33 Cal. 468; *Hill* v. *Den*, 54 id. 20; *Tracy* v. *Craig*, 55 id. 91.)

Judgment and order reversed and cause remanded for a new trial.

McKINSTRY, J., and ROSS, J., concurred.