CALIFORNIA INS. CO. v. SCHINDLER and Others.

December 27, 1883.

1 Pac. 474.

**Suretyship—Liability on Second Bond.—In an Injunction Suit** an undertaking was given for a temporary restraining order, valid to a certain date. On that date another undertaking was filed for a continuance of the injunction, with different sureties. Held, on a suit against the second sureties, that under the recitals the second undertaking was not given in place of the first one, and that the sureties sued were not liable for the damages caused during the time covered by the first undertaking.

Pillsbury & Titus for plaintiff; Fox & Kellogg for defendants and appellants.

McKEE, J.—The action in hand was brought against defendants, as sureties to an undertaking in the sum of two thousand five hundred dollars to recover damages which the corporation, plaintiff in the action, claims to have sustained by reason of, and during the continuance of, a restraining order, and the costs and expenses incurred in procuring its dissolution. The restraining order was made on March 15, 1879, in an action commenced on that day by George W. Carter against the said corporation to perpetually enjoin it from collecting an assessment which had been levied upon its outstanding policies of insurance. At the time of filing the complaint in the action Carter obtained an order to show cause why a temporary injunction should not be issued, and also an order ad interim restraining the corporation from doing any act or thing in the way of collecting the assessment. On obtaining this last order he gave bond, as required by the court, in the sum of one thousand dollars, conditioned accord-

ing to section 525 of the Code of Civil Procedure. That bond was filed and approved by the court on March 15, 1879.

The order to show cause came on to be heard April 11, 1879. On that day counsel for both parties argued and submitted Carter's application for a temporary injunction. The court took the application under advisement, and, at the same time, required Carter to give and file a further undertaking in the sum of two thousand five hundred dollars, with the like conditions and provisions contained in the one thousand dollar bond, "as a condition to the further continuance of the injunction." This additional bond was given, approved and filed on the day of the entry of the order which required it. Three days thereafter, namely, on April 14, 1879, the court dismissed the order to show cause, denied the application for a writ of injunction on the ground that the plaintiff in the action was not entitled to the writ, and discharged the restraining order on the ground that it had been improperly made. From that order no appeal has been taken; the order has not been in any respect modified or reversed; it stands in full force, although the injunction suit is yet pending.

At the trial of the action upon the breach of the two thousand five hundred dollar undertaking the court found as follows, namely:

"(1) That the district court ordered that the undertaking for two thousand five hundred dollars be given and filed in the place and stead of the bond already filed, to wit, the aforesaid bond of one thousand dollars; and that in pursuance of the order thus made the undertaking was given, approved and filed in the place and stead of the bond for one thousand dollars.

"(2) That, in order to procure the dissolution and discharge of the restraining order, the corporation employed and paid to counsel for professional services in that matter the sum of five hundred dollars; and that it has also sustained damages in the sum of six hundred and five dollars, in consequence of being prevented and hindered by the restraining order from carrying on business for thirty days, during which time it had to pay that sum of money for office rent, salaries of officers and employees, and office expenses and the like."

The first finding is directly opposed to the averment in the complaint upon the subject to which it relates, and to the

recitals in the undertaking upon which the action is founded. The averments of the complaint are that the court made an order that the undertaking be given "as a condition to the further continuance of the said injunction," and that "the undertaking was given under and in pursuance of said order." And the recitals in the undertaking are:

"Whereas, the above-named plaintiff has commenced an action in the district court of the twelfth judicial district of the state of California, in and for the city and county of San Francisco, against the above-mentioned defendant, and is about to apply for an injunction in said action against the said defendant, enjoining and restraining the said defendant, its officers, directors, and servants, from the commission of certain acts as in the complaint filed in said action is more particularly set forth and described:

"Now, therefore, we, the undersigned, David Schindler and N. Wyckoff, in consideration of the premises and of the issuing of said injunction, do jointly and severally undertake, in the sum of two thousand five hundred dollars, gold coin of the United States, and promise to the effect that in case said injunction shall issue the said plaintiff will pay to the said parties enjoined such damages, not exceeding the sum of two thousand five hundred dollars, gold coin of the United States, as such parties may sustain by reason of said injunction, if the said district court finally decide that the said plaintiff was not entitled thereto.

"Dated this eleventh day of April, A. D. 1879."

In the presence of the fact admitted by the complaint and recited in the undertaking (which is also made part of the complaint), that the undertaking was given as a condition to the further continuance of the injunction, there is no place for presumption or proof that it was given in the place or stead of a former undertaking in the case; and the finding, being contrary to the averments of the complaint, is outside the case made by the plaintiff, and renders the decision of the court erroneous for defective findings: Murdock v. Clark, 9 Pac. C. L. J. 207; Silvey v. Neary, 59 Cal. 97; Tracy v. Craig, 55 Cal. 91; Hill v. Den, 54 Cal. 20.

The second finding is also outside the limits of the cause of action arising out of a breach of the undertaking. It includes damages for which defendants, as sureties to the un-

dertaking, are not legally bound. For whether the undertaking was given as a condition for further continuing the restraining order, as is alleged in plaintiff's statement of its cause of action, or in the place or stead of the first bond for one thousand dollars, given when the restraining order was made, as it has been found by the court, the sureties to the undertaking bound themselves only prospectively from the day of the execution of their undertaking, and not retrospectively; they were, therefore, not liable on a breach of their undertaking for damages which the obligee may have sustained before the date of their obligation. It is too well settled to need reference to authority that the obligation of sureties arises out of the terms of their contract, and can never arise from implication or inference. To the extent, and in the manner, and under the circumstances expressed by those terms, they are bound, but no further.

Now, by the express terms of the undertaking in suit, defendants promised to pay such damages as might be sustained by reason of the injunction, if the court shall finally decide plaintiff was not finally entitled thereto. Undoubtedly the "injunction," in the minds of the contracting parties, was the ad interim order by which the corporation was enjoined from doing the acts and things complained of, until the application for a temporary injunction was heard and decided. That order was made and had been operative, upon the one thousand dollar bond, from March 15, 1879, until April 11, 1879. On that day the defendants contracted for its further continuance. Then, and not until then, the obligation arising out of their contract commenced; and it continued from that time onward until the happening of the contingency which caused a breach of the obligation, upon which they became liable for any damages which may have been sustained during the existence of their obligation, but not for damages suffered anterior to its date. For such damages a bond had been already given, upon which other persons were liable. It may be that those who were sureties to that first bond had become insolvent, or that its penalty was insufficient, and that on these grounds the court required the giving of the additional undertaking as a condition "to a further continuance of the restraining order"; but in either case the sureties to the first bond would be bound for the damages caused by

the order before the giving of the second bond; and, at all events, the sureties to the second could not be made liable therefor until the remedy on the first bond had been exhausted: Lane v. State, 24 Ind. 421; Bales v. State, 15 Ind. 322.

Whence it results that the court below erred in deciding upon the findings that the defendants were liable upon their undertaking for damages suffered by the plaintiff, by reason of the restraining order, before the date of their obligation.

Judgment reversed and cause remanded for further proceedings.

I concur in the judgment: Myrick, J.

### CONCURRING OPINION.

We concur in the reversal of the judgment on the ground that the action was prematurely brought: Clark v. Clayton, 10 Pac. C. L. J. 344; Dougherty v. Dore, 11 Pac. C. L. J. 76.

Sharpstein, J.
Morrison, C. J.
Thornton, J.