[No. 9612.  In Bank. — September 27, 1886.]

## JOHN C. WHITE, RESPONDENT, v. GEORGE B. DOUGLASS, APPELLANT.

JUDGMENT — FINDING — ADMISSION IN PLEADINGS — EVIDENCE. — A judgment based upon a finding against an admission in the pleadings, or contrary to the evidence, is erroneous and will be reversed, unless it appears that the judgment should have been the same if the objectionable finding had not been made.

UNIVERSITY LANDS — GRANT OF — STATE MAY PRESCRIBE CONDITIONS OF SALE. — Under the congressional grant to the state of lands for the use of an agricultural college, the state as owner, for the purposes of the grant, had the right to select the lands from surveyed or unsurveyed

public lands of the United States, subject to pre-emption and sale, within the limits of the state, and to prescribe how the selection should be made, and to whom, and in what manner the lands would be sold.

ID. — POWER OF LAND AGENT TO SELL — UNQUALIFIED APPLICANT TO PURCHASE. — Under the acts of the 23d and 28th of March, 1868, and of the 4th of April, 1870, the land agent of the university had no power to sell its agricultural lands, even after their selection and location, to an applicant who was not a qualified purchaser, or whose application was not made according to the instructions issued to him by the board of regents.

ID. — AFFIDAVIT OF APPLICANT — STATEMENTS IN — ACT OF MARCH 13, 1874. — Under the act of the 13th of March, 1874, the affidavit accompanying an application for the purchase of university land, forming part of the congressional grant for the use of an agricultural college, need not state that there is no occupation of nor settlement upon the land other than that of the applicant.

ID. — APPLICANT MUST BE AN ACTUAL SETTLER. — A person who has never settled upon, occupied, or improved university land, cannot acquire a right of purchasing it as against an applicant to purchase who is an actual settler upon the land, and has improved it, and resided thereon with his family.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*David S. Terry,* and *George A. Nourse,* for Appellant.

*J. H. Budd,* and *W. L. Dudley,* for Respondent.

McKEE, J. — This was an action to determine a contest about the right to purchase a parcel of land as a portion of the one hundred and fifty thousand acres of land granted to the state for the use of an agricultural college.

The right was adjudged in favor of plaintiff. From the judgment and an order denying a motion for a new trial, the defendant appeals.

The application of each of the contestants was made to the land agent of the university under sections 3533 and 3534 of the Political Code. Defendant's application was first in time. It bears date the 26th of February, 1874; that of the plaintiff about four years later. It bears date

the 17th of January, 1878. Being first in time defendant's application must be regarded as first in right (*Crandall* v. *Woods,* 8 Cal. 136), unless it was so defective in form as to be insufficient in law to originate a right, or, if sufficient in form, was not in fact accepted by the official to whom it was made, or the land proposed to be purchased was selected by the state or located for the benefit of the proposed purchaser, or unless the plaintiff had acquired a prior right to the land which entitled him to preference as a purchaser.

Upon all these grounds it is claimed that the defendant had not acquired a right to purchase the land, and that the right of purchase was vested in the plaintiff.

The court finds: That the defendant's application was made to the land agent of the university on the 26th of February, 1874; that upon filing the application the defendant paid to the agent the sum of $269, which was received and accepted in part payment of the proposal to purchase "in case the application would be approved by the board of regents"; that certain rules and regulations as to the sale of university lands had been adopted by the board of regents, and were in existence and force at the date of filing the application, which required of an applicant to purchase any portion of said lands to accompany his application with an affidavit, "containing, among other things, a statement that there was no occupation of nor settlement upon the land sought to be purchased other than that of such applicant;" that the affidavit which accompanied defendant's said application contained no such statement; "that the application itself was never accepted by the board of regents; and the land which the defendant applied to purchase was never located in said United States land-office, Stockton district, California, in which the same was and is situate, for defendant's benefit."

In addition, it is found that "the defendant never resided on the land which he applied to purchase, never

occupied or cultivated, or used it in any way, never was in possession of it, never made or had any improvements upon it, and never had any legal or equitable claim to it."

There is no specification that the evidence was insufficient to justify the last finding, or indeed, any of the other findings, except: 1. The finding as to rules and regulations of the board which were in force when the defendant filed his application, and required him to accompany his application with an affidavit of settlement and occupation by him of the land which he proposed to purchase; 2. The finding that the moneys paid by the defendant to the land agent were paid upon his application "in case the same would be approved by the board"; and 3. The finding of non-selection and non-location of the land by the land agent upon the defendant's application, and for his benefit as a proposed purchaser.

It is assigned as errors, that of these exceptional findings the first is not sustained by the evidence, the second is contrary to the evidence, and the third is contrary to the fact as admitted by the pleadings.

The first assignment of error is not true. The evidence was sufficient to sustain the finding.

The second and third assignments of error appear to be true; for the cross-complaint of the defendant contains the allegation, "that pursuant to his [defendant's] application, the land agent of the university filed in the United States land-office at Stockton, California, an application to have said land located as part of the agricultural college grant,—said application being made for the use and benefit of the defendant." That allegation was not denied. The plaintiff answered it in the following words: "Further answering, plaintiff admits that the land-agent, upon the application of defendant, filed in the United States land-office at Stockton an application to have the land located as a part of the agricul-

tural college grant, and that the application was made for the use of the defendant."

The plaintiff also admits that he protested against the defendant's application, and he affirmatively alleged that the application was rejected, and that no appeal was taken from the decision. But there was no proof and no finding of the alleged facts, and we must presume that as the land afterwards became the subject of controversy between the contending applicants, it was selected and located in place for the purpose of sale to whichever of the applicants was entitled to purchase. The finding is therefore contrary to the fact admitted by the pleadings.

Where a complaint in an action contains an allegation of fact which is distinctly and unqualifiedly admitted by the answer, there is no issue as to the fact. The allegation of the fact being admitted is conclusive. A finding against the admission is therefore outside the issues, and a judgment based upon such a finding, or upon a finding, which is not justified by or is contrary to the evidence, cannot be sustained. (*Silvey* v. *Neary*, 59 Cal. 97; *Tracy* v. *Craig*, 55 Cal. 91; *Bradbury* v. *Cronise*, 46 Cal. 287; *Hill* v. *Den*, 54 Cal. 20; *Gregory* v. *Nelson*, 41 Cal. 286; *Burnett* v. *Stearns*, 33 Cal. 468.) Such a finding is therefore a reversable error, unless it is apparent that the judgment would have been the same if the objectionable finding had not been made, and it had been given with reference to the facts as admitted by the pleadings or proved by uncontroverted evidence. (*Robinson* v. *Placerville R. R. Co.*, 65 Cal. 263.)

Assuming, therefore, as the basis of defendant's application, that the defendant never settled upon the land which he applied to purchase, never occupied it, nor made or had any improvements upon it, that his application to purchase was not made according to law, and that upon his defective application the land was selected and located in place by the land agent of the university,

the question is, Did the-defendant have any right to purchase the land?

Under the congressional grant to the state of its agricultural college lands, the state as owner, for tho purposes of the grant, had the right to select the lands from surveyed or unsurveyed public lands within its territorial limits, subject to pre-emption and sale (12 U. S. Stats. at Large, 503; 16 U. S. Stats. at Large, 68,587), and to prescribe *how* the lands should be selected, and to whom and in what manner they would be sold. By statutes passed 23d and 28th of March, 1868 (Stats. 1868, pp. 248, 510), and 4th of April, 1870 (Stats. 1870, p. 877), the provisions of which were substantially re-enacted by sections 3553 and 3554 of the Political Code, the state conferred power upon the board of regents of the university to regulate the selection and sale of the lands by instructions issued to the land agent of the university, who was authorized as the agent of the state to select the lands for the board of regents, and to sell them to applicants in the manner prescribed by the board by its instructions, and upon effecting a sale, to issue certificates of purchase and patents to purchasers who complied with the conditions of sale fixed by the board. When, therefore, an application was made to purchase any of said lands, it called into exercise the power of the land agent to receive and act upon the application according to his instructions.

After receiving the application, his first step, in the exercise of his power, would be to have the land applied for selected and located in place for the purpose of selling it to the applicant, if qualified and entitled to purchase. But he would have no power to sell the land, even after the selection and location, to an applicant who was not a qualified purchaser or whose application was not made according to the instructions issued to him by the board of regents, under which he was acting. That, according to the unassailable findings of the court below, was the

*status* of the defendant when he filed his application, and the judgment of the court that he had no right to purchase the land was justified by the evidence and the facts admitted by the pleadings in the case.

But it is urged that if the defendant had not the right to purchase the land, neither had the plaintiff, because his application, made on the 17th of January, 1878, was accompanied with an affidavit like unto the affidavit made by the defendant, and which accompanied his application.

Unquestionably, the objection would be well taken if the plaintiff's application was made under the same law; and it is undoubtedly true that the rule of law concerning such applications, once established, is presumed to continue in force until repealed or changed. (Code Civ. Proc., subd. 32, sec. 1963.) But the legislature changed the law by a statute passed 13th of March, 1874. (Stats. 1873–74, p. 356.) As changed,the law was in force on the day of the plaintiff's application to purchase. It is not denied, and the court finds that the plaintiff's application was made in due form of law and was accompanied by an affidavit which complied in all respects with the statute, and the rules and regulations of the board in force, and that thereafter, and before the commencement of this action, the board accepted and approved the application and received from the applicant the sum of $1,070 in payment of the purchase-money of the land.

Upon these undisputed facts in connection with the facts that the plaintiff was an actual settler upon the land and had continuously occupied it and resided upon it with his family for twenty years, and had put improvements upon it of the value of fifteen hundred dollars, and that the defendant had never settled upon, occupied, or improved it, we think that the plaintiff was vested with a right to purchase, and that the defendant was not.

A person who has never settled upon university land,

never occupied or improved it, acquires no right to purchase it, which can be maintained against an application to purchase by an actual settler upon the same land, who has improved it and resided upon it with his family for twenty years.   In such condition it would be unjust and inequitable to sell the land to a mere outside applicant, who, it must be presumed, proposes to buy for the purpose of dispossessing the actual occupant.

Judgment and order affirmed.

MORRISON, C. J., THORNTON, J., McKINSTRY, J., SHARPSTEIN, J., MYRICK, J., and ROSS, J., concurred.