[Civ. No. 18198.   Second Dist., Div. One.   Nov. 5, 1951.]

EARL V. BACK et al., Respondents, v. GERALDINE W. HOOK, Appellant.

Gandy & Cockins and Ralph C. McCall for Appellant.

P. E. Durkee for Respondents.

DRAPEAU, J.—By the instant action, plaintiffs seek damages on account of defendant's failure to convey to them a parcel of real property.

It was alleged in paragraph I of plaintiffs' complaint that on or about August 5, 1947, they entered into a written agreement with defendant to purchase the realty upon certain terms and conditions.

Paragraph III of the complaint alleged that this agreement was modified by a subsequent contract between the parties on April 30, 1948, under the terms of which plaintiffs were to receive certain credits toward the monthly payments required under the agreement of August 5, 1947.

The answer specifically admitted paragraph I of the complaint and denied paragraph III.

At the conclusion of the trial, the court made and filed its findings of fact that on August 5, 1947, the parties purported to enter into an agreement, as set forth in paragraph I of

the complaint and admitted in defendant's answer; but "That no meeting of minds was ever had between plaintiffs and defendant and said purported contract of agreement of sale of said above described real property is of no force and effect."

It was further found that the parties purported to enter into a contract on April 30, 1948, modifying the agreement of August 5th; that said contract was never authorized or ratified by defendant and that said purported modification of the original agreement was of no force and effect.

Judgment was entered in favor of plaintiffs for return of the money expended by them, to wit: $2,848 on the purported contract of August 5, 1947; $1,978.66 for building materials and labor used in improving the property in reliance on said contract; and $187.89 for taxes: a total of $5,014.55, together with a lien in their favor on the property in question.

Defendant appeals from the judgment and also from the order denying her motion to vacate the same and to enter a new and different judgment.

Appellant states the question for determination as follows:

"Can a judgment be sustained which is based on findings which are adverse to the facts admitted in the pleadings?"

To this respondents answer: "Findings which are contrary to admissions in the pleadings will not be sustained *unless supported by adequate evidence.*" (Italics added.)

In *Lifton* v. *Harshman,* 80 Cal.App.2d 422, 431 [182 P.2d 222], it was said:

"When allegations in a complaint are admitted by the answer (a) no evidence need be offered in their support; (b) evidence is not admissible to prove their untruth; (c) no finding thereon is necessary; (d) a finding contrary thereto is error."

Also in *Stoneman* v. *Fritz,* 34 Cal.App.2d 26, 31 [92 P.2d 1035], the following appears:

"As the delivery of the two deeds to defendant was admitted by the pleadings no evidence should have been received on that question as it was not an issue in the case. Findings of fact contrary to these facts admitted in the pleadings must be disregarded. (21 Cal.Jur., sec. 106, p. 155.) The rule is stated in *Welch* v. *Alcott,* 185 Cal. 731, at page 754 [198 P. 626], as follows:

" 'It was said in *Burnett* v. *Stearns,* 33 Cal. 468: "The finding should be confined to the facts in issue. The province of the court in respect of facts is to determine but not to raise

the issue." (See, also, *Ortega* v. *Cordero*, 88 Cal. 221 [26 P. 80].) "Where a complaint in an action contains an allegation of fact which is distinctly and unqualifiedly admitted by the answer there is no issue as to the fact. The allegation of fact being admitted it is conclusive. A finding against the admission is therefore outside the issues." (*White* v. *Douglass*, 71 Cal. 115, 119 [11 P. 860].) It was declared in *Estate of Doyle*, 73 Cal. 564, 570 [15 P. 125, 128]: "When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as 'found' . . . If the court does find adversely to the admission, such findings should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts found and admitted by the pleadings. . . . In such case the facts alleged must be assumed to exist. Any finding adverse to the admitted facts drops from the record, and any legal conclusion which is not upheld by the admitted facts is erroneous." (See, also, *Hutchison* v. *Barr*, 183 Cal. 182 [190 P. 799]; Sutherland on Code Pleading, sec. 1167.) "There can be no necessity of a finding as to a fact admitted by the pleading." ' "

The contract of August 5, 1947, is admitted by appellant in her answer, as well as pleaded by her in her cross-complaint. Therefore, no issue as to its validity ever arose for determination by the trial court. It follows that the finding that the contract of August 5, 1947 was of no force and effect was erroneous.

In view of the fact that the grounds in support of the motion to vacate and to enter a new and different judgment were identical with the contentions urged upon the appeal from the judgment, the appeal from the order denying such motion is dismissed. The judgment is reversed.

White, P. J., and Doran, J., concurred.