326 P.2d 33

A. John MULLEN, also known as A. J. Mullen, and Edith Mullen, his wife,
Appellants,

v.

John F. GROSS and Bertha Gross, his wife, et al., Appellees.

No. 6180.

Supreme Court of Arizona.

May 28, 1958.

Rehearing Denied July 1, 1958.

Clark & Coker, Phoenix, Frank X. Gordon, Kingman, for appellants.

Carl D. Hammond, Carl G. Krook, Kingman, for appellees.

STRUCKMEYER, Justice.

This is an action brought by A. John Mullen and Edith Mullen, his wife, as plaintiffs, against John F. Gross and Bertha Gross, his wife, and others, defendants, to quiet title to and restrain defendants from interfering with the plaintiffs' right to the use and enjoyment of certain waters located on the public domain within the boundaries of Arizona Grazing District No. 2. Plaintiffs alleged that they are the owners of the waters of a spring and a well known as Kerr Well by virtue of certificates of water rights duly issued by the State Land Commissioner of the State of Arizona in compliance with the law; and further, that they are the owners of the right to appropriate and place to beneficial use all the waters of three other springs by virtue of permits from the same authority. The defendants in general denied the allegations of plaintiffs' complaint and counterclaimed, asserting that they have the beneficial use to the waters in question by reason of prior valid appropriations, and that the plaintiffs' appropriations are inferior to and subordinate to the right, title and interest of the counterclaimants with the exception of Kerr Well, which waters plaintiffs allege are part of the land and percolating. The court below, contrary to the affirmative pleadings of both parties, found that all the waters without exception were percolating and not subject to appropriation under the rule announced in Bristor v. Cheatham, 73 Ariz. 228, 240 P.2d 185, and on rehearing, 75 Ariz. 227, 255 P.2d 173, denied the relief prayed for in plaintiffs' complaint, and granted no relief whatsoever to defendants on their counterclaim. It further ordered the State Land Commissioner, although he was not a party to this action, to cancel the certificates and permits issued to the plaintiffs. This latter portion of the judgment is, of course, obviously void for want of joinder.

There can be no doubt as to the jurisdiction of the Superior Court of Mohave County to determine the respective interests of the parties in these waters an·' to order the appropriate relief for thei. invasion, if any. While the State Land Commissioner is authorized by statute to issue permits and certificates of water rights, his action does not adversely affect the vested rights of prior appropriators and does not affect the jurisdiction of the Superior Court to determine controversies relative thereto. Ernst v. Superior Court of Apache County, 82 Ariz. 17, 307 P.2d 911; Beach v. Superior Court of Apache County, 64 Ariz. 375, 173 P.2d 79.

■ The principal question involved and the one which we think is primarily determinative of this appeal is the attack by the plaintiffs on the findings of the trial court that the waters here in dispute are percolating. As to the four springs, we think it was error to render a judgment decreeing that the waters are not appropriable because they are percolating. As pointed out, both parties alleged and relied on valid appropriations at the trial. The allegations in the complaint and counter-claim of valid appropriations constitute a distinct and unqualified admission that the waters in question were not percolating. The province of the court in respect to facts is to determine and not raise issues. Findings against the allegations admitted by the pleadings are outside the issues, and any legal conclusion which is not upheld by the admitted facts is erroneous. Back v. Hook, 107 Cal.App.2d 250, 236 P.2d 910; Horney v. Horney, 118 Cal.App.2d 679, 258 P.2d 555. In the instant case, *as between the parties to this action,* there was no issue as to the non-appropriable nature of the waters and even though the court's conclusion finds some support in the evidence, it is beyond the scope of the litigation.

■ The situation is different with regard to Kerr Well. There, the defendants alleged that its waters were percolating. Defendants testified that this well is, or was originally, about 15 feet deep, dug down to solid granite, and that in it the water collects as seepage. In the dry years it "makes hardly any water" but in the wet years it "makes enough water for a windmill." The trial court could properly find that the waters of this well were percolating and belong to the owner of the land upon which the well is situated or to the occupier thereof.

■ The court found that the Kerr Well was situated on the Esmeralda mining claim but we think the evidence is without reasonable dispute to the contrary. The defendants have a written lease on the Esmeralda patented mining claim. The plaintiffs have a lease on the Phantom unpatented mining claim. While the defendants have in the past talked to persons who examined the Esmeralda property and who claimed that the well was on it, the only direct evidence was by a registered engineer who made a survey, establishing the location of the corners of the Esmeralda by using the Government plat and original field notes. He testified that the well was not on the Esmeralda but that it was on the Phantom mining claim. We think that the trial court erred in not entering judgment enjoining the defendants from interfering with the plaintiffs' use and enjoyment of the Kerr Well.

■ Plaintiffs urge that the trial court should have decreed that they were the owners of the waters of one of the four

springs known as Charcoal Spring. Their claim stems from a quitclaim deed and a claimed adverse possession. We observe, however, that there is evidence that the Charcoal Spring is within a grazing allotment granted to defendants and that Gross' cattle have been running in that vicinity. These facts, if established to the satisfaction of the trial court, would defeat any claim to adverse possession since the plaintiffs' possession would not be exclusive. Morgan v. Barrett, 17 Ariz. 376, 153 P. 449.

The plaintiffs further complain of the action of the trial court in failing to enter judgment against certain defendants originally named in plaintiffs' complaint. These defendants did not appear nor answer, and accordingly thereafter defaults were entered against them. However, the trial court refused to enter appropriate judgments against them in accordance with Rule 55(b), Rules of Civil Procedure, 16 A.R.S. Clearly, the plaintiffs were entitled to a judgment on their default and the court below should enter judgment on the plaintiffs' application.

The plaintiffs have asked this court to set aside the judgment of the court below with instructions to enter judgment for them as prayed for in their complaint. We are satisfied that the court's judgments of May 7, 1953 and February 21, 1955 must be set aside. However, since the trial court adopted the theory that the four springs in question were percolating and not appropriable, and did not determine whose claim of appropriation was superior, no satisfactory disposition of this litigation can be effected without such determination. We are compelled to order a retrial to that end and for the determination of other relevant issues which affect the parties' rights and interests except as to Kerr Well and as to it, the court below is directed to enter a judgment consistent with our pronouncements.

Reversed and remanded with directions.

UDALL, C. J., and WINDES, PHELPS and JOHNSTON, JJ., concur.