[Civ. No. 16094. Second Dist., Div. Three. July 9, 1948.]

ADOLPH B. ROSENFIELD, Appellant, v. SIDNEY C. VOSPER et al., Respondents.

Adolph B. Rosenfield, in pro. per., for Appellant.

Boone & Satchell for Respondents.

McCOMB, J. Assigned.—Plaintiff appeals from a judgment in his favor awarding him $1,000 as compensation in an action to recover attorney's fees of the alleged value of $18,000. The case was tried before the court without a jury.

## HISTORY OF THE LITIGATION

The action was commenced by plaintiff March 7, 1939, to recover from defendants the sum of $18,000 allegedly due for attorney's fees. After a trial before the court without a jury, a judgment was entered for plaintiff in the sum of $12,567.32. On appeal this judgment was reversed and a new trial ordered. (*Rosenfield* v. *Vosper*, 45 Cal.App.2d 365 [114 P.2d 29].)

On the second trial before the court without a jury, a judgment was awarded plaintiff in the sum of $1,000. Upon motion for a new trial plaintiff filed affidavits of bias and prejudice against the trial judge. Upon a hearing of this question the trial judge was held qualified, but the order was reversed upon appeal. (*Rosenfield* v. *Vosper*, 70 Cal.App.2d 217 [160 P.2d 842].)

Thereafter the motion for a new trial was heard by a judge other than the one who had tried the case and such motion was denied. The present appeal from the judgment has ensued.

## FACTS

Disregarding contrary evidence the record discloses these facts:

A Long Beach initiative zoning ordinance prohibited oil drilling in the Harbor District within 500 feet of a school or hospital, and required that but one well could be drilled

on not less than any one acre of contiguously owned land. Defendants each owned approximately two acres of land, all within 500 feet of the Seaside School. In addition, their west acre was not contiguous, being bisected by the Dellamore lot, which was leased for drilling by the General Petroleum Corporation under a blanket lease covering property adjoining defendants' land. Permits to drill were required from the Long Beach Harbor Board and state authorities.

For several years plaintiff had been the attorney for defendant Vosper, and for several months prior to December 29, 1937, had represented him and the other defendants and had drawn leases for them at an agreed price of $250 per lease. In December, 1937, defendants had a conference relative to the steps necessary in order to obtain permits to drill for oil upon the land. At this conference plaintiff agreed to obtain the permits for the sum of $1,000. Plaintiff's testimony, which would support a different set of facts, must be disregarded by us. (*Estate of Isenberg*, 63 Cal.App.2d 214 [146 P.2d 424].)

### QUESTIONS

First: *Are the findings of the trial court supported by substantial evidence?*

This question must be answered in the affirmative.

*Finding I:* That defendants owned the parcels of property described therein.

Plaintiff does not question the sufficiency of the evidence to sustain this finding.

*Finding II:* That during the latter part of December, 1937, plaintiff and defendants entered into a verbal agreement under the terms of which defendants agreed to pay and plaintiff agreed to accept the sum of $1,000 for all services necessary to obtain the legal right to drill an oil and gas well on each of the parcels of land mentioned in finding I.

Witness Sam Bernstein testified that at a meeting between plaintiff and defendants in the latter part of December, 1937, plaintiff agreed that he would do all the work necessary to obtain permits for drilling an oil well on each of the parcels of land described in finding I. This testimony was substantial evidence to sustain the foregoing finding.

*Finding III:* That plaintiff was paid $1,000 and that he rendered services to defendants in connection with the obtaining for them of a permit and the legal right to drill for oil and gas upon each of the parcels of property mentioned in finding I.

Plaintiff himself gave direct testimony supporting each of the facts found in this finding.

*Finding IV:* That plaintiff was paid in full for all services rendered by him to defendants up to June 13, 1938. A check in the sum of $250 was received in evidence. It was endorsed by plaintiff and stated that it paid for all services rendered by him to date.

This evidence constituted substantial evidence to support this finding of fact.

*Finding V:* That between June 2, 1938, and June 13, 1938, plaintiff and defendants entered into an oral agreement amending their previous oral agreement referred to in finding II. By the terms of the amended agreement, plaintiff agreed to accept $250 in full payment of all services rendered by him to defendants to June 13, 1938, and he further agreed to continue to render services to defendants in an effort to obtain the right to drill oil wells on both parcels of land mentioned in finding I, and to accept the sum of $1,000 for all services rendered by him subsequent to June 13, 1938, in connection therewith.

Witness Sam Bernstein testified that between June 2d and June 13th, and again on June 13, 1938, plaintiff agreed to accept and did accept $250 in full payment for all services rendered by him to defendants to June 13, 1938, and that plaintiff agreed to render all subsequent services required in order to obtain permits to drill oil wells on each of the two parcels heretofore mentioned for an amount not to exceed $1,000. This testimony constituted substantial evidence to sustain this finding of fact.

*Finding VI:* That pursuant to the agreement between the parties, as amended, plaintiff did continue to render services to defendants subsequent to June 13, 1938, and that for such services there is due and owing plaintiff from defendants the sum of $1,000, which sum is unpaid.

Plaintiff's own testimony and entries in his register constitute substantial evidence to sustain the finding relative to the services rendered by him. Defendants in their answer expressly admitted that such sum is unpaid. Thus it is evident that this finding is sustained by substantial evidence.

*Finding VII:* That on or about June 2, 1938, a dispute arose between the parties as to the amount due plaintiff, which dispute was settled by plaintiff accepting $250 in full for all services rendered by him to defendants to June 13, 1938, and

that a check in the sum of $250 in payment of such services was given to plaintiff.

Witness Sam Bernstein testified that a dispute having arisen between the parties as to the amount of money due plaintiff on or about June 2, 1938, plaintiff agreed to accept the sum of $250 in full for services rendered by him to defendants to June 13, 1938. The witness Zukor testified that plaintiff did accept a check in the sum of $250 which contained an endorsement: "In full legal fees to date in the matter of Vosper, et al." This evidence supports the finding.

*Finding VIII:* That plaintiff had expended on behalf of defendants the sum of $67.32.

This finding is supported by plaintiff's uncontradicted testimony.

In view of the fact that each of the questioned findings finds substantial support in the evidence received in the instant case, and of the established rule that the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact (*Estate of Winzeler,* 42 Cal.App.2d 246, 248 [108 P.2d 720]; *Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424]), it would serve no useful purpose here to set forth contradictory and conflicting testimony which, had it been believed by the trial court, would have sustained a different set of findings. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].)

Second: *Are the findings subject to plaintiff's strictures that: (1) there are no findings on material issues; (2) that the findings are too vague, equivocal and ambiguous to be understood; (3) the findings are irreconcilably contradictory; and (4) the findings do not support the judgment?*

This question must be answered in the negative. In a case where one correct finding supported by substantial evidence will support a judgment, it will be presumed that the trial court predicated its judgment upon such finding, and it is not necessary to make findings upon other issues raised by the pleadings. (*See American National Bank* v. *Donnellan,* 170 Cal. 9, 15 [148 P. 188, Ann.Cas. 1917C 744]; *Hill* v. *Donnelly,* 56 Cal.App.2d 387, 392 [132 P.2d 867].)

Applying this rule to the facts of the instant case, it appears from finding V, which is clear and unambiguous, that the trial court found that between the dates of June 2, 1938, and June 13, 1938, the parties entered into an oral agreement in which appellant agreed to accept the sum of

$250 in full payment and satisfaction of services rendered by him to June 13, 1938, and that plaintiff further agreed to render services to defendants in an effort to obtain the right to drill oil wells on both parcels of land mentioned in finding I for the sum of $1,000. In finding VI it is found that plaintiff did render the services and has not been paid for them; that there is thus due him the sum of $1,000. In finding VIII it is found that plaintiff spent $67.32 for defendants which has not been repaid to him.

These findings clearly support the judgment for plaintiff in the sum of $1,067.32. It is apparent that the trial court's finding and judgment are predicated upon the theory that plaintiff rendered services to defendants pursuant to an express contract in which he agreed to render services for the sum of $1,000. Hence it becomes entirely immaterial as to the reasonable value of the services rendered defendants by plaintiff, and it was not necessary for the trial court to make any finding on the issues relative to the reasonable value of such services.

■ Third: *Did the trial court commit prejudicial error in denying plaintiff's motion to join additional partes defendant?*

After the trial of the case it was reopened for the purpose of receiving additional evidence. At this time plaintiff sought to have Sam Bernstein and Lillian R. Zukor brought in as parties defendant. This motion was denied.

This ruling was correct. The record fails to show that either Sam Bernstein or Lillian Zukor was in any way liable or responsible for the payment of attorney's fees to plaintiff. It likewise shows that neither one of them owned any of the properties involved and that they were connected with the transaction only as they were agents of defendants or employees thereof. Hence there is a total absence of any showing that either of the parties was a proper or necessary party defendant, and there is no showing that plaintiff has been prejudiced by the trial court's ruling.

Fourth: *Was the trial court's judgment the result of bias and prejudice against plaintiff?*

This question must likewise be answered in the negative. Plaintiff urges that the trial court's judgment against him was predicated upon bias and prejudice as evidenced by these acts:

(1) The trial court denied plaintiff's motion to strike defendants' answer, particularly the portion thereof which

alleged that defendants had tendered payment into court of $1,000.

(2) The trial court declined to require defendants' counsel to produce certain books and records.

(3) The trial court first awarded plaintiff the sum of $3,250 at the suggestion of one of defendants' counsel and thereafter, upon its own motion, set aside its prior decision.

(4) That in the preparation of findings the trial judge conferred with defendants' counsel relative to the preparation thereof.

(5) The trial judge and one of the counsel for defendants were members of the same fraternal organization.

(6) The trial judge refused to bring a party into court as a witness because the witness was ill.

(7) The trial judge denied plaintiff's request to make Sam Bernstein and Lillian Zukor parties defendant.

(8) That upon the reargument of the case the trial judge expressed a favorable opinion on the testimony of certain witnesses.

(9) The trial judge unduly restricted the time of counsel for argument at the time of the reargument.

(10) The trial judge, after rendering his final decision and filing it with the clerk, gave to the newspaper reporters a statement relative to the case.

The first, second, sixth and seventh objections of counsel constitute rulings of the trial court on matters properly submitted to it, and do not constitute any basis for claiming bias or prejudice of the trial court, since the rule is established that even erroneous rulings against a litigant form no ground for bias or prejudice. (*McEwen* v. *Occidental Life Ins. Co.*, 172 Cal. 6, 11 [155 P. 86].)

The third objection to the conduct of the trial judge is wholly without support in the record. The record fails to disclose that the trial court in the first instance awarded plaintiff $3,250 at the suggestion of one of the counsel for defendants, or the reasons why he set aside such decision and made a subsequent award of only $1,000 to plaintiff. As hereinabove set forth such award was supported by the evidence and in the absence of a showing to the contrary we must assume that the trial judge performed his duty without bias or prejudice.

Plaintiff's fourth objection is wholly without merit for the reason that at the time the case was submitted the

trial judge stated to counsel for both parties that whichever party might be ordered by the court to prepare findings should feel free to consult with him in the preparation of the same. Plaintiff made no objection to this procedure and he has failed to present to this court any reason whereby he was prejudiced as a result of such procedure.

▮ The fifth objection that one of defendants' counsel and the trial judge were members of the same fraternal organization likewise fails to show that there was any bias or prejudice on the part of the trial judge against plaintiff or in favor of defendants. The mere fact that a lawyer and a judge may be members of the same fraternal or other organization does not of itself show that the trial judge is biased or prejudiced for or against a party, and in the absence of such showing this court will presume that the trial judge was not influenced because of his membership in some organization, fraternal or otherwise.

▮ As to the eighth objection, statements of the trial judge, after he had listened to several days of final argument, that he viewed favorably the testimony of several witnesses, did not constitute a showing of bias and prejudice. The case had been fully tried, argued, reopened for further argument, and after the argument on resubmission, and after a full and complete consideration of the testimony, these statements were made. It was a part of his duty to determine which of the conflicting testimony of the witnesses he believed, and his expressions on this subject did not constitute error.

▮ Ninth: It was the duty of the trial judge to control the course of the trial and to confine argument within reasonable lengths. In the absence of a showing of an abuse of discretion on such matter, the trial court's designation of the limits of the argument will not be set aside on appeal. ▮ In the present case the record discloses that the case had been argued at great length, and that after the case had been initially tried, plaintiff had expressed satisfaction with the courtesy of the court; the consideration which had been given him; and that he had thoroughly enjoyed presentation of the case to the court. Clearly at this point he did not feel that the trial judge was biased and prejudiced against him. The judgment being against him, he succeeded in disqualifying the trial judge from passing upon the motion for a new trial, which motion was passed upon by a judge other than the one who had originally tried the case. Hence plaintiff has failed

696

to point out to the court wherein the judgment of the trial judge was the result of bias and prejudice.

 Tenth: Plaintiff's final objection that he was prejudiced by the trial court's making a statement to a newspaper reporter after the final decision in the case had been rendered and filed with the clerk of the court is devoid of merit. The propriety of such conduct is not properly before this court. Clearly, however, the decision having been rendered and filed, and having become a matter of public record the trial judge had performed his duties and there was nothing in the statement given to the press which indicated bias or prejudice against plaintiff.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied July 29, 1948, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1948.