[Civ. No. 16641.   Second Dist., Div. Two.   Dec. 1, 1948.]

MERSHON COMPANY, INC. (a Corporation), Appellant, v. FRANK A. PACHMAYR et al., Respondents.

W. Cloyd Snyder and Louis T. Fletcher for Appellant.

Hervey & Hervey and Edward Hervey for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action for: (1) an accounting, (2) damages based upon such accounting, and (3) an injunction against defendants to prohibit unfair competition, plaintiff appeals.

## FACTS

On June 24, 1936, defendant Frank A. Pachmayr sold his interest in the Frank A. Pachmayr Company to L. E. Mershon, plaintiff's predecessor in interest. The contract of sale contained the following provision:

"First party or the Frank Pachmayr Gun Shop shall not directly or indirectly manufacture, advertise or sell any competitive articles or article of a similar style, shape or character which can be even remotely associated in style or function with any production or productions which are now being manufactured, distributed, advertised or merchandised by the Frank Pachmayr Company, a corporation, and/or its successors for a period of thirty (30) months, provided, however, that nothing herein contained to the contrary shall preclude the Frank Pachmayr Gun Shop from advertising locally and/or nationally gun repairs and the alteration or advertising the installation of standard accessories now being advertised and sold and on the market and in connection with said advertising the sale of pistol and/or revolver machine rests may be advertised by the Frank Pachmayr Gun Shop either locally or nationally."

After the 30-month period referred to in the foregoing paragraph had elapsed, defendant Pachmayr made recoil pads, advertised them in a national sports magazine, and sold them for several months. On plaintiff's request defendant discontinued the sale of such article.

This is the sole question necessary for us to determine: *Did plaintiff waive any cause of action which it may have had against defendants for unfair competition?*

This question must be answered in the affirmative. The trial court found as follows:

"That it is true that plaintiff and defendant verbally agreed that if defendant would cease manufacturing a recoil pad with a white line therein that plaintiff would take no further action against defendant; that pursuant to said verbal agreement defendant within a reasonable time, and prior to the commencement of this action, ceased the manufacture of a recoil pad using a white line therein and that defendant has not since, nor is he now, manufacturing a recoil pad with a white line."

The foregoing finding was sustained by the uncontradicted testimony of defendant Pachmayr. During the course of the trial Mr. Pachmayr testified as follows:

"Mr. Mershon called me on the phone, wanted to know if I was still making 'White Line' Recoil Pads and I told him I was, and he said, 'Well, if I don't sue you will you quit the manufacture of recoil pads?' And I says, 'Is that all you're squawking about?' I asked him; I said, 'What are you squawking about?' He said, 'Your use of the white line.'

"I said, 'Is that all you're squawking about is the use of the white line?' He said, 'Yes.' Then I said, '*As far as you're concerned if I quit the manufacture of the pad with the white line you won't sue me?*' He said, '*That's correct.*' *He said he didn't care how many pads I made not using the white line, and I told him I would cease the use of the white line pad if he didn't sue me, because I didn't want to be engaged in a lawsuit.*"

.    .    .    .    .    .    .    .    .    .    .

"Q. *Did you cease to manufacture the recoil absorber pad or recoil pad using the white line? A. Yes, I did.* Q. Following those conversations? A. Yes, I did. Q. And about how long after the conversations did you do that? A. If I can refer to my paper I think I can—— MR. SNYDER: The same day he stated. Q. BY MR. HERVEY: March or April sometime? A. I believe it was around April. THE COURT: Which year? THE WITNESS: 1946. Q. BY MR. HERVEY: At the time that you stopped manufacturing the recoil pad with the white line, did you believe that you had a right to manufacture it? A. I absolutely believed it and I still believe it. Q. Has it been your opinion at all times that after that 30 months following the disassociation with Mr. Mershon that you could build that particular pad? A. It has been my opinion, yes." (Italics ours.)

In view of the foregoing finding it is clear that plaintiff waived any cause of action which it might have had against

defendants for unfair competition when plaintiff, in consideration of defendants' ceasing to sell and advertise the recoil pad, agreed to take no further action against them. ▪ Abandonment of alleged unfair competition terminates plaintiff's right to relief therefrom. (*Art Metal Works* ·v. *Cunningham Products Corp.*, 137 Misc. 429 [242 N.Y.S. 294, 306].) Since defendants have complied with their portion of the agreement, plaintiff is bound by its promise.

▪ If one finding, supported by substantial evidence, will sustain the trial court's judgment, as in the present case the above finding does, it will be presumed that the trial court predicated its judgment upon such finding, and questions relative to other findings become immaterial upon appeal. (*Rosenfield* v. *Vosper*, 86 Cal.App.2d 687, 692 [195 P.2d 530].)

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 16, 1948, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1949.