[Civ. No. 8238.   Third Dist.   June 24, 1953.]

PHILIP S. HORNEY, Appellant, v. KATHLEEN J. HORNEY, Respondent.

Mark M. Brawman for Appellant.

Samuel R. Friedman for Respondent.

JONES, J. pro tem.—In this action the plaintiff has sued in four counts. The first count is for an accounting of the proceeds from the sale of real property in the State of Kansas, and to have a trust declared in real property in this state upon the theory that the proceeds from the Kansas real property were invested in the property in California. The other three counts are respectively for conversion of the proceeds of said sale; for money had and received; and for general damages. No point is made by appellant concerning any of the findings made in the case except as to the first count. As to this count it is charged that the findings are not supported by the evidence, and the appeal is based on this ground alone.

In addition to answering all of the material allegations of each count of the complaint the defendant Kathleen J. Buchanan filed a cross-complaint, setting up three counts in

the cross action. By two of these counts she alleged title to the California property in herself and her present husband. The third count is to recover damages in the amount of $3,000 against the plaintiff, her former husband, for slandering the title to the California realty. Judgment went for her, decreeing title to this property in her and her present husband. All relief was denied on the third count. The appeal is from this judgment.

The record discloses that the plaintiff and defendant were married at Neodesha, Kansas, on the 25th day of July, 1937, and continued to be husband and wife until she was granted a decree of divorce in the State of Nevada on the 8th day of April, 1947. On June 13, 1939, while the parties were living together, a deed of Lots 13, 14, 15 and 16 of Block 56 of the original townsite of the city of Neodesha in the State of Kansas, was made and delivered to the plaintiff. This property was improved with a duplex dwelling house. In 1942 the parties removed to California. Thereafter, and on August 30, 1943, plaintiff entered the armed forces of the United States. On July 7, 1944, he executed to his wife a full power of attorney to act for him in all matters and things, and on the 25th day of November, 1946, exercising this power, she entered into a contract to sell the Kansas property for $5,000. And in further exercise of the power she subsequently executed a deed of the property to the buyer. It is conceded that she received the $5,000 out of which there were deductions of a broker's commission of $150 upon the sale of the property; $776.02, the balance on a mortgage; $87.21, county taxes; and $17, a refund of rent already paid.

Appellant contends that the balance of the proceeds was used by his former wife for the purchase of the California realty upon which he seeks to impress a trust. The additional contention is made by him that if the proceeds were not so used, he is entitled to a money judgment for one-half of their net amount. ■ The respondent's position is that she exhausted the net returns in payment of community debts; in providing support for herself prior to her divorce; and in advances made to the husband. Her position is sustained by the express finding of the trial court "that the defendant and cross-complainant Kathleen Jane Buchanan sold said property of the parties hereto for Five Thousand and no/100 Dollars ($5,000.00) and received said sum less all liens and

encumbrances and costs of sale and that she subsequently spent said funds for her maintenance and support, bills of the parties hereto and sums of money sent to plaintiff at his. request." Since there is substantial evidence in the record to support this finding it is conclusive upon this court. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

The record discloses no answer made to the cross-complaint. Therefore, its allegations stand admitted. Notwithstanding this admission, the court found the allegations of the first two causes of action to be true, and that the title to the Siskiyou County property vested in Kathleen Jane Buchanan and W. A. Buchanan by virtue of a deed and a homestead declaration.

The findings are complex in that they are made, with few exceptions, by reference to paragraphs of the pleadings as being true or untrue. Of these findings so made, appellant challenges those designated as I, II, III and V as not being supported by the evidence. Finding I deals with the marriage relationship of the parties; finding II with the times when appellant was in the military service of the United States; finding III with the form of the deed to the Kansas property; and finding V is that which is hereinabove set out and held to be conclusive on this court.

With respect to these findings it is pointed out by the respondent that since finding V disposes of the issues, the other findings complained of are rendered immaterial. Respondent cites as authority *Luckhardt* v. *Mooradian*, 92 Cal. App.2d 501 [207 P.2d 579]; *Mershon Co.* v. *Pachmayr*, 88 Cal.App.2d 901 [199 P.2d 687]; and *Rosenfield* v. *Vosper*, 86 Cal.App.2d 687 [195 P.2d 530]. As is said in *Mershon Co.* v. *Pachmayr*, *supra*, at page 904: "If one finding, supported by substantial evidence, will sustain the trial court's judgment, as in the present case the above finding does, it will be presumed that the trial court predicated its judgment upon such finding, and questions relative to other findings become immaterial upon appeal." The case at bar falls squarely within this rule.

Although it is unnecessary to find upon admitted facts, nevertheless, a finding of admitted facts affords no grounds for complaint. (*Whepley Oil Co.* v. *Associated Oil Co.*, 6 Cal.App.2d 94, 104 [44 P.2d 670]; *City of Los Angeles* v. *City of Huntington Park*, 32 Cal.App.2d 253, 265 [89 P.2d 702].) Error is to be charged only when findings are made contrary to the admitted facts. (*Beatty* v. *Pacific*

*States Savings & Loan Co.*, 4 Cal.App.2d 692, 698 [41 P.2d 378].)  ▮ Inasmuch as all allegations of fact which are admitted are conclusive, any finding adverse to the admission must be disregarded. This rule is stated in *Welch* v. *Alcott*, 185 Cal. 731, 754 [198 P. 626], as follows: " 'Every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true.' " (Code Civ. Proc., § 462.) It was said in *Burnett* v. *Stearns*, 33 Cal. 468, 474: "The finding should be confined to the facts in issue. The province of the Court in respect to facts is to determine but not to raise the issue." (See, also, *Ortega* v. *Cordero*, 88 Cal. 221 [26 P. 80].) "Where a complaint in an action contains an allegation of fact which is distinctly and unqualifiedly admitted by the answer, there is no issue as to the fact. The allegation of the fact being admitted is conclusive. A finding against the admission is therefore outside the issues, . . .." (*White* v. *Douglass*, 71 Cal. 115, 119 [11 P. 860].) It was declared in *In re Doyle*, 73 Cal. 564, 570 [15 P. 125]: "When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as 'found.' . . . In such case the facts alleged must be assumed to exist. Any finding adverse to the admitted facts drops from the record, and any legal conclusion which is not upheld by the admitted facts is erroneous." (See, also, *Hutchison* v. *Barr*, 183 Cal. 182 [190 P. 799]; Sutherland on Code Pleading, § 1167.) "There can be no necessity of a finding as to a fact admitted by the pleadings. The finding is required only when an allegation of a material fact in the complaint is controverted by the answer, so as to raise an issue." (*Swift* v. *Muygridge*, 8 Cal. 445.) In *Sacre* v. *Chalupnik*, 188 Cal. 386, 390 [205 P. 449], it is said that, "The finding, which implies an ouster at a date one year later than that admitted by the defendants, was irrelevant and aside from the concluded issue on that point, and may be regarded as nugatory." (Citing authorities.)

Under the authority of the cited cases we are bound to disregard the findings challenged by the appellant, and whether they are supported is immaterial.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.